Charles **HAWKINS**, Appellant,

v.

**UNITED STATES**, Appellee.

No. 80–1032.

District of Columbia Court of Appeals.

Argued May 19, 1981.

Decided Aug. 13, 1981.

Donald Stephenson Schwinn, L. S. # 2760, with whom Ellen Sue Shapiro, Washington, D. C., appointed by the court, and Andrew H. Salter, L. S. # 2758, were on the briefs, for appellant. Richard Strafer, Washington, D. C., subsequent to briefing and oral argument, was also appointed as counsel.

Anthony L. Joseph, Asst. U. S. Atty., with whom Charles F. C. Ruff, U. S. Atty., and John A. Terry, John R. Fisher, and Alan D. Strasser, Asst. U. S. Attys., Washington, D. C., were on the briefs, for appellee.

Before MACK and FERREN, Associate Judges, and YEAGLEY, Associate Judge, Retired.

MACK, Associate Judge:

Appellant, convicted of two counts of assault (D.C.Code 1973, § 22–504) and one count of possession of a prohibited weapon (D.C.Code 1973, § 22–3214(b)), was sentenced to ten months imprisonment on each count, sentences to run consecutively. He alleges on appeal (1) that the trial court's instruction permitted the jury to find the appellant guilty of one of the assaults without a unanimous verdict as to which incident or incidents constituted the assault and in contravention of Super.Ct.Cr.R. 31(a)–[1] and the Sixth Amendment to the United States Constitution; and, alternatively, (2) that the imposition of consecutive sentences on the same assault charge and the possession of a prohibited weapon charge violated the double jeopardy clause of the Fifth Amendment to the United States Constitution. Finding the trial court's instruction to be erroneous, we reverse the conviction on one count of assault.

At trial the government presented evidence that following a traffic incident, appellant approached the passenger side of a car operated by Debra Padgett. Appellant swung his fist through an open window striking Debra's brother, Steven Padgett, on the jaw. The Padgetts left their car to confront appellant and the altercation continued (forming a basis for an assault charge on Debra). A passenger in appellant's car broke up the fight and all parties returned to their cars. After retrieving a tire jack from the trunk of his car, appellant again approached Steven Padgett. Appellant wielded the tire jack at Steven's head, hitting his raised arm.

At trial appellant testified. He denied the first assault on Steven (the window incident) but admitted the second assault (the tire jack incident) claiming that the jack was used in self-defense.

In this court appellant, claiming a violation of Super.Ct.Cr.R. 31(a) and the Sixth Amendment to the United States Constitution, alleges that the trial court's final in-

1. Super.Ct.Cr.R. 31(a) provides:
 RETURN. The verdict shall be unanimous. It shall be returned by the jury to the judge in open court.

struction permitted the jury to convict him of the assault on Steven Padgett without unanimity as to which specific incident constituted the offense. Specifically, it is contended that some of the jurors may have voted to convict appellant of assault based on the window incident while others may have voted to convict him based on the tire jack incident.

At closing arguments, the government represented the window incident to be the basis of the assault on Steven Padgett. The possession of a prohibited weapon charge was based upon the tire jack incident. Following closing arguments the trial judge gave standard instructions to the jury. Three counts were submitted to the jury: (1) assault on Debra Padgett;[2] (2) assault on Steven Padgett; and (3) possession of a prohibited weapon (tire jack).

Approximately an hour after the jury began deliberating, the court informed counsel that it had received a note from the jury which stated: "Clarification of instructions relating to counts two and three. Foreperson Maxine Davis." The court responded by reinstructing the jury on the elements of assault and possession of a prohibited weapon. The jury then resumed its deliberations. Two hours later a second note was received from the jury. It read in relevant part:

1. Does the specification on the second count include:

A. The assault by the defendant's punch through the window and;

B. The assault by the defendant with the jack?

 \* \* \* \* \* \*

Foreperson Maxine Davis

After showing the note to counsel the following colloquy occurred:

THE COURT: I think the answer to both A and B is yes if they see use with possession with intent to use and if one uses it that can be assumed that the possession was with intent to use. That's a factor for them to determine.

[PROSECUTOR]: The use is not necessary. It's the intent. We only have to show—if they find the use they must find the intent.

THE COURT: If he used it as a weapon, that's right.

[PROSECUTOR]: But the converse doesn't follow. If they don't find the use, they could still find the intent. I think either one could constitute the assault but they all have to agree on which one it is.

THE COURT: That's right.

[DEFENSE COUNSEL]: They all must agree.

[PROSECUTOR]: On which of the two.[3]

Thereupon the jury returned to the court and the judge responded to their questions. The final instruction read in relevant part:

Ladies and gentlemen: I have received your note, I feel that I have a little bit better idea of what you're aiming at. The first question from the Foreperson is, does the specification on the second count that includes Steve Padgett include A, the assault by the defendant's punch through the window. The answer is yes, if all of you agree beyond a reasonable doubt that that occurred in the manner that I described as to what an assault is.

Secondly, B, the assault by the defendant with the jack. You may find that there was a series of separate assaults during this proceeding by the various parties, either one side or the other depend[ing] on who you deem to have been the aggressor, and the assault by the defendant with a jack if you determine that that occurred and the Government has proved beyond a reasonable doubt that self-defense was not an issue as relates to that, that also would constitute the assault. You all must agree that an assault occurred at one point of time or another.

2. Appellant does not challenge his conviction of assault on Debra Padgett.

3. Defense counsel did not object to the expansion of the assault count to include the tire jack incident.

You may find that there was a series of assaults. You may find there was simply one assault. If you're satisfied beyond a reasonable doubt at any point in time that there was an assault and further that the Government has proven beyond a reasonable doubt at that point in time there was no self-defense then you may return a verdict of guilty on Count Two. *You don't have to break down the incidents, yourselves.* If any one of them meets the test, a verdict of guilty would be appropriate. If none of them meet the test, why, a verdict of not guilty would be appropriate. [Emphasis added.]

No objection was raised to the instruction. The jury resumed deliberations. Approximately one hour later the jury returned general verdicts of guilty on all counts.

■ Where one charge encompasses two separate incidents, the judge must instruct the jury that if a guilty verdict is returned the jurors must be unanimous as to which incident or incidents they find the defendant guilty. *Johnson v. United States,* D.C. App., 398 A.2d 354, 368 (1979).

■ If jurors during deliberations are not required to agree on which incident or incidents constitute an assault, the result might be a nonunanimous jury verdict. *Johnson v. United States, supra* at 369. The instruction here, in informing the jurors that they did not have to "break down the incidents" was therefore erroneous.

■ In view of defense counsel's failure to object to the instruction or to request a special verdict, we may notice the error only if it amounts to plain error—one affecting substantial rights. *Watts v. United States,* D.C.App., 362 A.2d 706 (1976) (en banc); Super.Ct.Cr.R. 52(b). The shift in legal theory from one incident to two separate incidents after the jury began its deliberations coupled with the ambiguous instruction which may have resulted in a nonunanimous verdict require us to find plain error of a constitutional magnitude. *Johnson, supra. See United States v. Gipson,* 553 F.2d 453, 459 (5th Cir. 1977). Accord-

ingly, we reverse the conviction of assault on Steven Padgett. As to appellant's alternative argument, we find without merit the contention that the trial court erred in imposing consecutive sentences for assault and for possession of a prohibited weapon. *See Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Thus, we affirm appellant's conviction of possession of a prohibited weapon.

*So ordered.*