Frank E. BARKLEY, Appellant,

v.

UNITED STATES, Appellee.

No. 81–922.

District of Columbia Court of Appeals.

Argued Sept. 30, 1982.

Decided Jan. 7, 1983.

A. Franklin Burgess, Public Defender Service, Washington, D.C., with whom William J. Mertens, Public Defender Service, Washington, D.C., was on the briefs, for appellant.

Michael L. Rankin, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., John A. Terry, Asst. U.S. Atty., Washington, D.C., at the time the brief was filed, and John R. Fisher, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before KERN and FERREN, Associate Judges, and GALLAGHER, Associate Judge, Retired.

KERN, Associate Judge:

Appellant seeks a reversal of his conviction for grand larceny, D.C.Code 1981, § 22–2201, upon the grounds that (a) the jury's verdict could have been based upon an improper theory of liability, and (b) the jury could have reached a nonunanimous verdict as to what crime of grand larceny the appellant committed.

In November 1978 the appellant sold a Sansui amplifier to the complaining witness for $300, which was to be paid at a later date. On Thanksgiving Day, believing he had not been timely paid for the amplifier, the appellant and his codefendant went together to the complainant's apartment to collect payment. When they discovered that the complainant was not at home, they forced open the door, according to the government's evidence, and entered the apartment. From that point forward, there is conflicting evidence as to exactly what occurred. However, it is agreed that a number of items of property were taken from the complainant's apartment; among them the amplifier; a stereo speaker in which the victim had hidden $280; a television set; another speaker; another amplifier; and, possibly, a leather coat. The appellant was charged with burglary and grand larceny.

At trial, appellant conceded that he had taken "his" Sansui amplifier but argued

that he had a claim of right to it. Appellant contended further that he had neither taken nor participated in the taking of any other items, but rather his companion had removed them. The government presented evidence that the appellant had, indeed, helped take all of the items and argued that he had aided and abetted in additional ways, such as by carrying away the stolen property in his car. The jury had been instructed generally as to aiding and abetting and as to the defense of claim of right, with no specification that the claim of right defense was limited in application to the Sansui amplifier alone. The appellant was found not guilty of burglary but was convicted for the lesser included offense of unlawful entry and for the offense of grand larceny.[1]

Appellant first argues that his grand larceny conviction must be reversed because the verdict could have been reached on an improper basis. He argues, and the prosecution concedes on appeal, that for only two of the stolen items—the Sansui amplifier and the $280 cash—was there proof in the record that their value exceeded $100, the threshold value for a grand larceny conviction. Appellant suggests that, because he did not know (and could not be expected to know) that the $280 was hidden inside the speaker, he cannot, as a matter of law, be held liable for stealing this money even if the jury found that he participated in the stealing of the speaker. He contends that he should have been acquitted of stealing the $280 because he could never have formulated the specific intent to take it, and therefore that the $280 was improperly before the jury as a possible basis for the grand larceny conviction. Because the jury could have accepted his claim of right defense as to "his" Sansui amplifier and reached its verdict entirely on the improper basis of the $280, appellant maintains the conviction for grand larceny cannot stand.

■ Appellant argues, correctly, that whenever various alternative theories of liability are submitted to a jury, any one of which is later determined to be improper, the conviction cannot be sustained. This is because of the possibility that the verdict might have rested entirely upon the improper theory. See *Chiarella v. United States,* 445 U.S. 222, 237 n. 21, 100 S.Ct. 1108, 1119 n. 21, 63 L.Ed.2d 348 (1980); *United States v. Gallagher,* 576 F.2d 1028, 1046 (3d Cir.1978); *Beck v. United States,* 298 F.2d 622, 630–31 (9th Cir.1962).

In this case, even assuming that the $280 was properly put before the jury, there is another improper basis upon which the verdict may have rested. The government concedes that it did not present evidence that the value of any articles other than the Sansui amplifier and the cash exceeded $100. Yet it is possible that the jury may have disbelieved the complainant's testimony that the $280 was ever hidden inside the speaker, or that the jury may have found that the appellant did not have the requisite specific intent to steal the $280, not knowing it to be inside the speaker. If that were the case, and if the jury had *also* accepted appellant's claim of right defense with respect to the Sansui amplifier, the verdict of guilty for *grand* larceny would have been based entirely upon the theft of all the other articles for which there concededly was no proof of value. Therefore, the jury may have simply *speculated* on the value of these items in reaching a verdict of guilty on the *grand* larceny charge.

■ We agree that, because those articles of unproven value could have been the sole basis for the conviction, the grand larceny conviction cannot be sustained. Under these circumstances, we need not reach the question whether the theft of an object— the speaker—automatically confers liability, through a presumed intent to steal, for the theft of any objects hidden inside—the $280.

The question which follows, then, is whether this case should be remanded for a new trial or whether the evidence supports a verdict of guilty for the lesser offense of petit larceny.

---

1. Appellant does not challenge the conviction for unlawful entry in this appeal.

We conclude that the evidence *is* sufficient to support a conviction for the lesser offense of petit larceny. Even if the cash hidden inside the speaker were not a proper basis for conviction, the jury could not have reached a verdict of guilty of larceny *entirely* on the basis of a theft of only this money. To find that the appellant had stolen the $280, the jury would necessarily have found that the appellant had stolen the speaker in which it was hidden. Thus, any error in submitting the money to the jury would be harmless error so far as a verdict of guilty of some larceny is concerned. In sum, the jury would therefore have reached its verdict on one or both of two entirely proper theories of liability of larceny: (1) that the appellant stole the Sansui amplifier and had no right to do so, or (2) that he participated in the theft of all the other stolen property, which concededly had *some* value. There is thus no danger of a conviction for petit larceny being grounded on an incorrect or improper theory of liability, as there was in the *Chiarella* line of cases.

However, appellant also asserts that, because the jury was not required to reach unanimous agreement as to *which* of the various items the appellant stole, he was deprived of his right to a unanimous verdict. He argues that some jurors could have found him guilty of taking all of the property (rejecting his claim of right defense); some, the Sansui amplifier only; and others, all of the property except for the Sansui amplifier (accepting his claim of right defense). He is, in effect, therefore, arguing that there might not have been unanimous agreement that the appellant committed any one criminal act; that there may still have been a reasonable doubt as to whether he took the amplifier without a right to do so *and* a reasonable doubt as to whether he participated in the taking of the other items.

While a defendant's constitutional right to a unanimous jury verdict in the District of Columbia is clear, the scope of the right is not clear. The decisions of this court have contained language to the effect that the Sixth Amendment to the United States Constitution and Super.Ct.Cr.R. 31(a) require jurors to be in agreement as to "what a defendant did" as a predicate to determining whether the defendant is guilty of the crime charged. *Hack v. United States,* D.C.App., 445 A.2d 634, 641 (1982). *See also Hawkins v. United States,* D.C.App., 434 A.2d 446, 449 (1981); *Johnson v. United States,* D.C.App., 398 A.2d 354, 369 (1979).

However, each of these earlier cases involved single verdicts which were based on two entirely separate incidents, acts which were conceptually severable and chargeable as separate offenses.[2] In the instant case, the stealing of the amplifier, the speaker, or all of the other items, as well as any participation as an aider and abettor, are founded in just one set of factual circumstances not separated by time or by intervening incidents. The evidence as to each theory of liability is the same. There was but one offense based on a unitary event, rather than two separable and distinct offenses, as there were in *Hack.*

Moreover, although the distinct theories of defense in this case may have tended to segregate the purloined items conceptually in the context of the grand jury larceny charge (and therefore may have required separate submission to the jury), they do not have the same effect in the petit larceny context. The troublesome aspect of the separate defenses in connection with the grand larceny conviction was that one of the essential elements of the offense—the $100 value—could very likely have been

---

2. In *Johnson,* a conviction for assault with intent to kill was reached upon evidence of two separate assaults, one occurring in a fifth-floor apartment and another occurring at Hains Point next to the Potomac River. In *Hawkins,* a conviction for assault was reached upon evidence that the defendant struck the complainant with his fist through an open car window and later, after returning to his own car, returned to assault the complainant a second time with a tire jack. *Hack* involved two separate offenses of marijuana possession, discovered in two different incidents but charged in only one count.

reached upon improper grounds. On a petit larceny charge, however, the defense that there may have been no intent to steal the $280 hidden inside the speaker is irrelevant: the value of the speaker itself is sufficient to sustain the conviction. And, as to the defense of claim of right to the amplifier, whether the jury accepted it (and based the conviction on the remaining items), or whether they rejected it (and based the conviction on the amplifier alone or on the amplifier *and* the remaining items) there is no possibility that the verdict rested upon any insufficient or improper basis.

In the case at hand, the jury was instructed to return a unanimous verdict (Record at 40) and there is no indication that they did not, in fact, agree unanimously as to what property appellant stole. However, whatever credence the jury may have accorded appellant's defenses, the jury was at least unanimous in finding that appellant took *some* of the complainant's property, having *some* value, without his consent and without right. These are the essential elements of the offense of petit larceny, D.C.Code 1981, § 22–2202, and under these circumstances involving a single uninterrupted event, we conclude that the unanimity requirement is satisfied. Thus, we decline to take the requirement as far as appellant urges in this case.

Accordingly, the judgment of conviction for grand larceny is reversed and remanded for the entry of judgment of guilty of petit larceny, and for resentencing.

*So ordered.*[3]

FERREN, Associate Judge, concurring in part and dissenting in part:

I concur in reversal of the grand larceny conviction but respectfully dissent from the remand for entry of a judgment of conviction for petit larceny and for resentencing. I would reverse and remand for a new trial.

My colleagues acknowledge that reasonable jurors could have (1) accepted appellant's claim of right defense as to the amplifier (which he concededly took) and based conviction solely on the remaining items; (2) rejected appellant's claim of right defense while crediting the evidence that he did not aid and abet his companion's theft of the other items, and thus based conviction solely on the amplifier; or (3) rejected both the claim of right defense and the defense evidence on aiding and abetting, and accordingly based conviction on theft of all the items. Specifically, they make this acknowledgement in the following sentence, *ante* at 416:

> And, as to the defense of claim of right to the amplifier, [1] whether the jury accepted it (and based conviction on the remaining items), or [2] whether they rejected it (and based the conviction on the amplifier alone or [3] on the amplifier *and* the remaining items) there is no possibility that the verdict rested upon any insufficient or improper basis.

The last clause—"there is no possibility that the verdict rested upon any insufficient or improper basis"—is a non sequitur. Absent an instruction that the jury unanimously must agree either that appellant took the amplifier without a sustainable claim of right, or that he aided and abetted the theft of the other property, there is a reasonable possibility that the jury did not unanimously agree (as my colleagues acknowledge they must) "as to 'what a defendant did' as a predicate to determining whether the defendant is guilty of the crime charged. *Hack v. United States,* D.C. App., 445 A.2d 634, 641 (1982)." *Ante* at 415.

---

3. The dissent would require the jury to reach a unanimous decision as to exactly which of the various items of property appellant stole from the victim's apartment during the one incident of theft. We have concluded that the jury need not have agreed unanimously as to the items stolen in a case such as this one (1) involving a single event and a single offense, (2) where the two defenses applicable to petit larceny (claim of right and denial) do not separate the stolen items in such a way that any one basis of liability would be improper, and (3) where we can be sure that all of the jurors found affirmatively as to each essential element of the charged offense.

To arrive at their conclusion, my colleagues appear irresolute. They say "there is no indication that [the jury] did not, in fact, agree unanimously as to what property appellant stole." *Ante* at 416. But, in the very next sentence, they allow for the possibility that the jury was not unanimous. They acknowledge that the jurors may have accepted different defenses, and thus may have differed as to what property appellant stole:

> [W]hatever credence the jury may have accorded appellant's defenses, the jury was at least unanimous in finding that appellant took *some* of the complainant's property, having *some* value, without his consent and without right. (Emphasis in original.) [*Ante* at 416.]

In sum, the majority permits a jury to tack together a unanimous verdict even when they disagree as to what property—clearly differentiable by reference to separate legal defenses—was stolen.

In *Hack, supra,* we precluded such dilution of the right to a unanimous jury:

> Because of the possibility of a nonunanimous verdict, when one charge encompasses two separate incidents, the judge must instruct the jury that if a guilty verdict is returned the jurors must be unanimous as to which incident or incidents they find the defendant guilty. [*Id.* at 641.]

*Accord Davis v. United States,* D.C.App., 448 A.2d 242 (1982) (per curiam); *United States v. Mangieri,* —— U.S.App.D.C. ——, 694 F.2d 1270 (1982). My colleagues find this ruling inapposite because *Hack, supra,* and similar cases [1] "involved single verdicts which were based on two entirely separate incidents, acts which were conceptually severable and chargeable as separate offenses." *Ante* at 415 (footnote omitted). This is a distinction without a difference, for even though it can be said, in this case, that there is "just one set of factual circumstances not separated by time or by intervening incidents," *ante* at 415, the alleged thefts here *are* conceptually severable—and thus legally quite "separate incidents," *Hack, supra* 445 A.2d at 641—given the separate defenses (claim of right and denial) directed at separate items of property.

---

1. *Hawkins v. United States,* D.C.App., 434 A.2d 446 (1981); *Johnson v. United States,* D.C. App., 398 A.2d 354 (1979).