Geoffrey P. LAWRENCE, Appellant,

v.

UNITED STATES, Appellee.

No. 82–788.

District of Columbia Court of Appeals.

Argued Jan. 18, 1984.

Decided Feb. 28, 1984.

Richard T. Tomar, Washington, D.C., with whom Michael A. Garcia, Washington, D.C., was on brief for appellant.

Bruce A. Peterson, Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the brief was filed, Michael W. Farrell, and Judith Hetherton, Asst. U.S. Attys., Washington, D.C., were on brief for appellee.

Before NEWMAN, Chief Judge, and KERN and BELSON, Associate Judges.

PER CURIAM:

Appellant Geoffrey P. Lawrence appeals his conviction of distribution of hashish in violation of the Uniform Narcotic Drug Act, D.C.Code §§ 33–401–425 (1973) (UNDA). Appellant was found guilty after a jury trial and was sentenced to three to ten years imprisonment.[1] After sentencing,

1. Prior to trial, the government filed an infor-    mation as to appellant's prior conviction for

appellant filed a motion to correct an illegal sentence. The trial court denied the motion, but reduced appellant's sentence to two to nine years. This appeal followed.

■ Appellant contends, *inter alia*[2], that he was improperly sentenced under the Uniform Controlled Substance Act of 1981 (UCSA), D.C.Code §§ 33–501–567 (1983 Cum.Supp.), which became effective on August 5, 1981, after his indictment, but prior to his conviction.[3]

The UCSA classifies each substance it controls into one of several schedules; the penalty for conviction of unlawful distribution of a controlled substance depends upon into which schedule the substance in issue falls. *Id.* at § 33–541. In the definitional provision of the UCSA, § 33–501, the term "cannabis" is defined as including both "marijuana" and "hashish." "Cannabis" is listed as a Schedule V controlled substance. *Id.* at § 33–522(2). The penalty for unlawful distribution of a Schedule V drug is imprisonment for not more than one year, a fine of not more than $10,000, or both. *Id.* at § 33–541(a)(2)(D).

However, "hashish" is specifically listed as a Schedule II controlled substance. *Id.* at § 33–516(1)(F). The penalty for unlawful distribution of a Schedule II non-narcotic drug is imprisonment for not more than five years, a fine of not more than $50,000, or both. *Id.* at § 33–541(a)(2)(B).

Appellant contends that although hashish appears within Schedule II, the language of the statute directs that Schedule V is the proper basis for his penalty. Referring to Schedule II substances, the statute provides in part:

The controlled substances listed in this section are included in Schedule II: (1) *Unless specifically excepted or unless listed in another schedule. . . .*

*Id.* at § 33–516 (emphasis added). Because cannabis, which is defined to include both hashish and marijuana, appears in Schedule V, appellant contends that the maximum penalty he should receive as a repeat offender is two years, under the UCSA and D.C.Code § 33–548 (1983 Cum.Supp.).[4]

To accept appellant's argument, however, would require this court to disregard the clear legislative intent to include hashish as a Schedule II controlled substance. The legislative history reveals the legislature's intent to place only the marijuana subset of cannabis, not the hashish subset, in Schedule V.[5] Hashish is specifically listed as a Schedule II drug, and a harsher penalty for sale of hashish than for sale of marijuana is clearly intended. This ambiguity in drafting cannot be seized upon to frustrate the clear intent of the legislature.

■ The penalty for sale of hashish under the UCSA is imprisonment for no longer than five years, a fine no greater than $50,000, or both. *Id.* at § 33–541(a)(2)(B). Pursuant to D.C.Code § 33–548(a), the possible term of imprisonment is twice the term authorized if the defendant has a prior

unlawful distribution of a controlled substance; therefore he was subject to up to ten years *imprisonment under D.C.Code § 33–423(b)* (1973), in the event of conviction.

2. We find appellant's other arguments to be without merit.

3. The Uniform Controlled Substance Act repeals the Uniform Narcotic Drug Act (UNDA), D.C.Code §§ 33–401–425 (1973), but provides that prosecutions initiated under the UNDA prior to August 5, 1981, are not to be affected by the repeal. D.C.Code § 33–561(a) (1983 Cum.Supp.). The UCSA also provides:

If the offense being prosecuted is similar to an offense set out in subchapter IV of this chapter, then the penalties under subchapter IV of this chapter apply if they are less than those under prior law. *Id.*

Appellant could have been sentenced to a term of up to ten years under the UNDA because of his prior conviction for selling a controlled substance.

4. Appellant argues that because the penalty provided for sale of hashish after a prior similar conviction is more lenient under the UCSA than under the UNDA, the trial court was obligated to sentence him under the UCSA.

5. *See* Report on the District of Columbia Controlled Substance Act of 1981, Committee on the Judiciary, Council of the District of Columbia, April 8, 1981.

similar conviction. Thus, under the UCSA, appellant could have received a sentence of up to ten years. Because this is precisely the sentence he could receive as a repeat offender under the UNDA, D.C.Code §§ 33–402–423(b), he was properly sentenced under the UNDA to a term of two to nine years.

*Affirmed.*