**Robert C. CORBIN, Jr., Appellant,**

v.

**UNITED STATES, Appellee.**

No. 83–1381.

District of Columbia Court of Appeals.

Argued Sept. 6, 1984.
Decided Sept. 6, 1984.*

---

\* This opinion was announced orally in open court after oral argument.

**1302**

---

Richard K. Gilbert, Washington, D.C., appointed by the court, for appellant.

Kenneth W. Cowgill, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on the brief, for appellee.

Before NEWMAN, Chief Judge, and NEBEKER and MACK, Associate Judges.

PER CURIAM:

Corbin pled guilty to possession of phencyclidine (PCP) and cannabis (marijuana). He was sentenced to consecutive prison terms on each count despite his argument that concurrent sentences were required because the "counts arose from one course of conduct." He contends that the trial court erred in imposing consecutive sentences. We affirm.

 Appellant was arrested on an unrelated charge. When he was searched, an envelope was found in his possession containing three tinfoils of marijuana and some loose marijuana. The marijuana in the tinfoils was "laced" with PCP. On this appeal, Corbin contends that the Uniform Controlled Substance Act (UCSA), D.C. Code § 33–541(c) (1983 Supp.) makes the possession of marijuana "laced" with PCP one offense for sentencing purposes.[1] He refers us specifically to § 33–516(4) which interdicts possession of "any material, compound, mixture or preparation which contains any quantity" of certain substances. We reject this contention. The plain language of the statute, read as a whole, as well as the legislative history, makes clear that the legislature intended to and did make the possession of each prohibited substance a separate offense. The language of § 33–516(4) makes the admixture of a non-prohibited substance with a prohibited substance a criminal offense. *See generally Carpenter v. United States,* 475 A.2d 369 (D.C.1984); *Lawrence v. United States,* 473 A.2d 373 (D.C.1984). *See also United States v. Davis,* 656 F.2d 153 (5th Cir.1981), *cert. denied,* 456 U.S. 930, 102 S.Ct. 1979, 72 L.Ed.2d 446 (1982); *State v. Adams,* 364 A.2d 1237 (Del.Super.Ct.1976); *State v. Williams,* 542 S.W.2d 3 (Mo.App.

---

1. Although Corbin only attacks the consecutive sentences, if his contentions were valid, he would be entitled to have one count of his conviction vacated since he would have committed only one offense.

1976); *State v. Collier*, 567 S.W.2d 165 (Tenn.Sup.Ct.1978).

*Affirmed.*