**Christopher L. TYLER, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 84–474.

District of Columbia Court of Appeals.

Argued May 2, 1985.

Decided Aug. 1, 1985.

Richard S. Stolker, Washington, D.C., appointed by the court, for appellant.

John M. Facciola, Asst. U.S. Atty., Washington, D.C., with whom Joseph E. diGenova, U.S. Atty., Michael W. Farrell and Linda Turner Hamilton, Asst. U.S. Attys., Washington, D.C., were on brief for appellee.

Before BELSON and TERRY, Associate Judges, and REILLY, Chief Judge, Retired.

BELSON, Associate Judge:

Appellant was indicted for burglary in the second degree, D.C. Code § 22–1801(b) (1981); theft in the second degree, *id.* § 22–3811, –3812(b) (1984 Supp.), and destruction of property, *id.* § 22–403 (1981). A jury found appellant guilty of the first two charges, but not guilty of the third. Appellant contends that his conviction must be reversed because the verdict might not have been unanimous and the trial court should have permitted defense reargument after additional jury instructions. We find these arguments unpersuasive and affirm.[1]

I

On February 11, 1983, at about 11:30 p.m., two police officers drove by the Boyce & Lewis shoe store on 7th Street, N.W. They observed that five or six men holding white bags were standing in front of the store, and that the window of the store was broken. Upon seeing the police cruiser, the men dropped the bags and ran away from the store. The officers apprehended two of the men, appellant and Douglas Baker. Appellant had several pairs of socks in his pocket. Appellant told the officers that if they would let him go, he would tell them where some of the shoes were. He then directed the officers to an alley where the officers found a white bag, with the name "Boyce & Lewis," containing several pairs of tennis shoes. The officers also found a trail of merchandise on the ground leading back to the shoe store. The president of Boyce & Lewis, Inc., identified the socks found in appellant's possession and the other merchandise as items taken from the store.

Douglas Baker, who had pleaded guilty to second-degree burglary in connection with the occurrence, testified for the defense. He explained that appellant had picked up some socks on the ground. Baker and appellant then noticed that the window of the shoe store was broken. Appellant picked up more socks lying on the sidewalk. As they continued to walk down the street, they heard sirens, and five or six men jumped out of the broken window of the store. Two of the men ran past them. Baker and appellant told the officers who apprehended them that the men fleeing the shoe store had run up the alley.

In closing argument, defense counsel argued that appellant had merely picked up the socks from the sidewalk and that appellant was not among the group that ran away from the store. Counsel further argued that for the government to convict appellant of burglary, they had to prove that appellant went inside the store, and that he did not merely retrieve the socks from the pavement. Counsel argued that, at worst, appellant was guilty of second-degree theft for picking up the socks, knowing they came from the store.

In rebuttal, the prosecutor argued that the jury should deduce from the presence of the men outside the store holding stolen goods that they had been in the store, and should find that appellant had been one of the group that ran away from the store.

The trial court instructed the jury on the elements of each of the three offenses. The government requested an aiding and abetting instruction for all three charges, but the court decided to give that instruction only on the count of destruction of property.

After the jury had deliberated for a while, the jurors sent a note to the judge that inquired, "[i]f goods are passed through the window to someone on the street, is he still guilty of second degree burglary?" After discussing the note with counsel, the trial court made a response to the jury that informed it that the aiding

---

**1.** We find totally without merit appellant's suggestion of error regarding instructions on lesser-included offenses.

and abetting instruction applied also to the second-degree burglary charge.

## II

Appellant objected to the court's response to the jury's inquiry and emphasizes on appeal the possibility that the jurors did not reach a unanimous verdict as to what actions on appellant's part sufficed to find him guilty of second-degree burglary. According to appellant, some of the jurors might have believed that appellant was a principal who actually entered the store, while other jurors might have concluded that appellant was an aider and abettor who stood outside the store as the others handed him the socks.

 The danger of a non-unanimous verdict, however, "arises where one charge in the indictment encompasses two separate incidents." *Derrington v. United States*, 488 A.2d 1314, 1335 (D.C.1985); *see Burrell v. United States*, 455 A.2d 1373, 1379–80 (D.C.1983). When the jury must choose between different versions of a single incident, we may presume that the unanimity requirement was satisfied. *Id.* Whether appellant was a principal or an aider and abetter, there was only one burglary at issue. *See Derrington*, 488 A.2d at 1335–36.[2] One who aids and abets the principal in committing the crime is

charged as a principal. D.C. Code § 22–105 (1981); *Murchison v. United States*, 486 A.2d 77, 81 (D.C.1984). Thus, appellant could not have been prejudiced, because it was unnecessary for the jury to agree on whether he was inside the shoe store. *See Burrell*, 455 A.2d at 1379–80 (unnecessary for jury to reconstruct fatal events step by step); *Derrington*, 488 A.2d at 1335 (same); *accord People v. Burgess*, 67 Mich.App. 214, 219, 240 N.W.2d 485, 488 (1976) ("[t]hose members [of the jury] who felt that [appellant] was guilty as the principal would have necessarily also found him guilty as an aider and abettor"); *May v. State*, 97 Wis.2d 175, 189–92, 293 N.W.2d 478, 485–86 (1980) (jury need not agree unanimously whether defendant was principal, aider and abettor, or conspirator; sufficient that jury agreed unanimously that appellant participated in offense); *State v. Carothers*, 84 Wash.2d 256, 525 P.2d 731 (1974) (jury need not agree unanimously whether defendant was principal or aider and abettor).[3]

## III

Appellant maintains that the trial court violated Super.Ct.Crim.R. 30 by instructing the jury on aiding and abetting in the burglary in response to a note sent by the jury

2. Appellant cites to several cases in this jurisdiction where we found error in the giving of instructions that permitted a non-unanimous verdict. All are distinguishable from the present case in that they each involved two separate incidents chargeable as two separate offenses. *Hack v. United States*, 445 A.2d 634, 641 (D.C.1982) (possession of separate packets of marijuana in plastic bag on street and in police car; harmless error); *Hawkins v. United States*, 434 A.2d 446 (D.C.1981) (assault on complaint by swinging fist through open window of car and, after initial fight, assault on complainant with tire jack outside of car); *Johnson v. United States*, 398 A.2d 354, 368–70 (D.C.1979) (assault with intent to kill by pushing complainant partially out of fifth floor window and later by throwing complainant into Potomac River); *see also Blockburger v. United States*, 284 U.S. 299, 301–03, 52 S.Ct. 180, 181–82, 76 L.Ed. 306 (1932) (successive sales of morphine to same person constitute distinct and separate of-

fenses); *cf. Davis v. United States*, 448 A.2d 242 (D.C.1982) (possession of two separate packets of marijuana, one that appellant had thrown into a taxicab, the other that he had later hidden in the rear seat of a police car).

3. Similarly, appellant's reliance on *Barkley v. United Stated*, 455 A.2d 412 (D.C.1983), is misplaced. In that case, this court reversed a conviction for grand larceny because of the possibility that the jury may not have reached a unanimous verdict on whether the appellant stole property of value in excess of $100. *Id.* at 415–16. In directing the entry of a petit larceny conviction, this court concluded that there had been an implicit unanimous agreement of the jurors that appellant took property of *some* value. In the present case, we are assured that the jury unanimously agreed that appellant participated in the burglary, regardless of whether he entered the store.

after it had retired to deliberate.[4] Appellant's counsel objected to the court's post-argument instructions, but did not request further argument until after the jury had retired for further deliberations. Specifically, appellant contends that the trial court erred in giving such instructions because it had not informed the parties of its intention to do so before closing arguments. *See Ballard v. United States*, 430 A.2d 483, 487–88 (D.C.1981) (error for trial court to instruct jury sua sponte on lesser-included offense after closing arguments; held harmless error); *Walker v. United States*, 135 U.S.App.D.C. 280, 281–82, 418 F.2d 1116, 1117–18 (1969) (assuming error when court sua sponte instructed jury on lesser-included offense after closing arguments; held not reversible).

 The decision on what further instructions, if any, to give in response to a jury question lies within the sound discretion of the trial court. *See Murchison v. United States*, 486 A.2d 77, 83 (D.C.1984). Under the circumstances present here, the court did not abuse its discretion in determining to instruct as it did on aiding and abetting in the burglary.

Appellant asserts also that the court erred in failing to allow defense counsel further argument after the additional instruction. *See Loveless v. United States*, 104 U.S.App.D.C. 157, 260 F.2d 487 (1958) (reversing conviction and remanding for new trial where, after closing argument, trial court decided to instruct jury on new charge and defense counsel protested lack of argument concerning new charge).

We need not determine whether the trial court's decision to reinstruct without granting further argument was error be-

cause appellant has not demonstrated that he was prejudiced by the decision. *See Ballard* 430 A.2d at 487–88 (court's failure to comply with Rule 30 not reversible error unless party establishes prejudice). The trial court observed that closing arguments would not have differed had the aiding and abetting instruction been made expressly applicable to the burglary charge before the jury began its deliberations. We agree. The crux of the defense was that appellant was not among or associated with the group of men who burglarized the shoe store. If believed, that theory would exonerate appellant from guilt as either a principal or an aider or abettor. Given the circumstances, appellant has fallen far short of persuading us that the trial court's decision prejudiced his defense.

*Affirmed.*

---

4. Super.Ct.Crim.R. 30 provides:

 At the close of the evidence or at such earlier time during the trial as the Court reasonably directs, any party may file written requests that the Court instruct the jury on the law as set forth in the requests. At the same time, copies of such requests shall be furnished to adverse parties. The Court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury, but the Court shall instruct the jury after the arguments are completed. No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury and, on request of any party, out of the presence of the jury.