**Kim E. SMITH, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 85–948.

District of Columbia Court of Appeals.

Argued April 12, 1988.

Decided Nov. 10, 1988.

---

James G. McGuire, Ashland, Ky., for appellant.

Katherine A. Worthington, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty. at the time the brief was filed, and Michael W. Farrell and Sharon M. Collins, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEWMAN and STEADMAN, Associate Judges, and PRYOR, Senior Judge.*

NEWMAN, Associate Judge:

Following a jury trial, Smith was convicted of one count of distributing phencyclidine (PCP); one count of distributing marijuana; one count of possession with intent to distribute PCP, and one count of possession with intent to distribute marijuana. He contends that a supplemental instruction deprived him of the Sixth Amendment. guarantee of jury unanimity with respect to his two convictions of possession with intent to distribute. He does not contest the validity of his convictions on the two

---

* Judge Pryor was Chief Judge of this court at the time of argument. His status changed to Senior Judge on November 2, 1988.

distribution counts.[1] We agree that the Sixth Amendment requires that we reverse both possession with intent to distribute counts; we affirm both distribution counts.

## I.

The government's evidence showed that Officer Frederick Newman was working undercover with the Narcotics Task Force. He made an undercover buy of one packet of marijuana laced with PCP from Smith. Upon completing the narcotics transaction, Newman broadcasted Smith's description and location to an arrest team. Shortly thereafter, Officers Calvin Jones and Samuel Woodson spotted Smith. As they approached Smith, the officers saw him remove a clear plastic baggie and throw it behind a dumpster. Woodson recovered the baggie; it contained thirteen tinfoil packets and emitted a strong odor of PCP. The government presented proof of the other elements of the offenses, including that all the sold or seized contraband was marijuana laced with PCP. Smith's defense was a general denial based on innocent presence.

■ The Sixth Amendment and Super. Ct.Crim.R. 31(a)[2] "require jurors to be in substantial agreement as to just what a defendant did as a step preliminary to determining whether that defendant is guilty of the crime charged." *Johnson v. United States*, 398 A.2d 354, 369 (D.C.1979) (quoting *United States v. Gipson*, 553 F.2d 453, 457–58 (5th Cir.1977)); *accord Burrell v. United States*, 455 A.2d 1373, 1379 (D.C. 1983). Consequently, "when one charge encompasses separate incidents, the trial judge must instruct the jury, that if a guilty verdict is returned, the jurors must be unanimous as to which incident or incidents they find the defendant guilty," *Burrell, supra*, 455 A.2d at 1379.

■ When a seller sells his whole cache of drugs to another, possession with intent to distribute is a lesser included offense of distribution. *See United States v. Carcaise*, 763 F.2d 1328, 1333 (11th Cir.1985); *United States v. Gomez*, 593 F.2d 210, 214–15 (3d Cir.), *cert. denied*, 441 U.S. 948, 99 S.Ct. 2172, 60 L.Ed.2d 1052 (1979); *United States v. Hernandez*, 591 F.2d 1019, 1022 (5th Cir.1979); *United States v. Stevens*, 521 F.2d 334, 336–37 (6th Cir. 1975); *United States v. Curry*, 512 F.2d 1299, 1306 (4th Cir.), *cert. denied*, 423 U.S. 832, 96 S.Ct. 55, 46 L.Ed.2d 50 (1975). Hence, the government properly focused on the single packet sold as the criminal act of distribution and the thirteen packets thrown away as the criminal act of possession with intent to distribute. The trial proceeded on this prosecution theory and the trial court gave the standard unanimity instruction.

■ Several hours after the jury began its deliberations, it sent a note to the trial judge asking: "Does charges three and four [the possession with intent to distribute counts] only apply to Exhibits 8a [the thirteen packets]?" After entertaining arguments from counsel, the trial judge instructed the jury that the thirteen packets applied to the possession with intent to distribute counts and should not be considered with respect to the distribution charges. This instruction was proper and consistent with the theory of the trial. However, following further deliberations, the jury sent a second note asking: "Does Exhibit 4 [the single packet sold] apply to charges 3 and 4 [the possession with intent to distribute counts]?" After receiving this note, the following colloquy occurred:

> THE COURT: Ms. Collins, another note. And we do, of course need Mr. Smith.
>
> MS. COLLINS [PROSECUTOR]: Exhibit 4.
>
> THE COURT: That's the one tinfoil packet.

---

1. We find no merit to Smith's claim that it was error to sentence him both for distribution and possession with intent to distribute save for the unanimity problem. *See Jones v. United States*, 401 A.2d 473 (D.C.1979). Likewise, we have held that possession of marijuana laced with PCP constitutes two offenses. *See Corbin v. United States*, 481 A.2d 1301 (D.C.1984).

2. Super.Ct.Crim.R. 31(a) reads: *"Return:* The verdict shall be unanimous. It shall be returned by the jury to the judge in open court."

MR. McGUIRE [DEFENSE COUNSEL]: It is, Your Honor, the one tinfoil packet, the one pack with one single.

THE COURT: That's right. It's the small manila envelope with one tinfoil. Now, that exhibit directly applies to charges 1 and 2, it could conceivably apply also to charges 3 and 4, and I would be glad to hear from counsel as to how you think this question should be addressed.

PROSECUTOR: Well, it definitely applies to 1 and 2.

THE COURT: As does exhibit 4. I started to say no, and then that is really not an accurate answer. It definitely applies to 1 and 2, and it could apply to 3 and 4.

PROSECUTOR: Considering the whole scenario in context, Your Honor, that's correct. It's artificial to parse out everything specifically.

Then, without objection, the trial judge gave the following supplementary instruction to the jury:

Exhibit 4 being the small manila envelope which contained one tinfoil packet. Exhibit 4 clearly applies to charges 1 and 2, that is, the distribution charges, distribution of PCP, distribution of marijuana. It could also apply to charges 3 and 4, unlawful possession with intent to distribute those. And I guess my real answer to you is that with regard to the evidence that has been admitted, you may apply that to whatever charges you deem relevant, but it is certainly—it certainly applies to charges 1 and 2, the distribution charges. It can also apply to 3 and 4. I'm going to send you back. I'm going to get you out again right at five o'clock, but there's ten or twelve more minutes, and you might as well be using those ten or twelve minutes. So, why don't you go back and deliberate further.

The jury immediately thereafter returned a verdict of guilty on all four counts.

■ We recently set forth the principles underlying the Sixth Amendment unanimity requirement in our en banc decision in *Scarborough v. United States*, 522 A.2d 869 (D.C.1987); we see no need to repeat these principles in detail here. Suffice it to say that the unanimity rule requires that jurors must be in substantial agreement as to just what the accused did in determining his or her guilt of the crime charged. *See Johnson v. United States, supra,* 398 A.2d at 369; *see also Derrington v. United States,* 488 A.2d 1314 (D.C.1985); *Hawkins v. United States,* 434 A.2d 446 (D.C.1981). We have held that we "may rule out a particular possibility if we conclude that no reasonable jury would have accepted it." *Horton v. United States,* 541 A.2d 604, 610 (D.C.1988). Likewise, even if there is a Sixth Amendment unanimity violation, we may affirm if we conclude beyond a reasonable doubt that a reasonable jury unanimously agreed on a factual scenario constituting the offense. *See Scarborough v. United States, supra; Hack v. United States,* 445 A.2d 634 (D.C.1982); *see also Shivers v. United States,* 533 A.2d 258 (D.C.1987). It is with all these principles in mind that we now turn to an evaluation of the facts and proceedings in this case.

■ The government urged the trial court that the jury could consider the distribution of the single packet as circumstantial evidence of possession with intent to distribute the thirteen packets. The government argues here that the supplementary instructions did no more than permit the jury to consider the single packet as circumstantial evidence that appellant possessed the remaining thirteen packets with intent to distribute them. The government relies upon the term "those" contained in the second supplementary instruction, viewing that term as synonymous with the "thirteen packets." However, an equally plausible interpretation of that term (and, in our view, a more reasonable one) is that the trial judge was referring to the type of contraband, i.e., marijuana and PCP. The instruction contains very broad language—"you [i.e., the jury] may apply it [i.e., the single packet] to whatever charges you deem relevant." Indeed, the supplementary instruction is absent of any language explaining how or in what manner the single packet should be applied with respect to the possession

counts. Consequently, we cannot say that a reasonable juror would have understood it to delimit consideration of the single packet as circumstantial evidence, especially since no possible use of that evidence had been mentioned at trial.

The government also argues that viewing the supplementary instructions in the context of the entire trial, particularly, its theory of prosecution and appellant's unitary defense of denial, show that no jury unanimity problem was created. In response, Smith cites us to *Hawkins v. United States,* 434 A.2d 446 (D.C.1981). Insofar as relevant to this issue, Hawkins was charged with one count of assault upon Steven Padgett and one count of possession of a prohibited weapon with intent to use it unlawfully, the weapon being a tire jack. The evidence indicated that Hawkins hit Padgett while Padgett was seated in a car. Thereafter, Hawkins went to his car, got a tire jack out of his trunk, and hit Padgett with the jack. Hawkins denied hitting Padgett while Padgett was in the car and claimed he was acting in self defense when he hit Padgett with the tire jack. The government tried and argued the case on the theory that the assault within the car was the sole incident constituting the assault count and that the tire jack incident constituted the possession of a prohibited weapon's charge. The trial judge gave standard instructions without objection. During deliberations, the jury asked for reinstruction on the elements of assault and possession of prohibited weapon. They were reinstructed without objection. Two hours later, the jury sent a note asking which of the incidents constituted the assault charge or whether both of them did. The government urged that there were two separate incidents which constituted the assault but that the jury had to agree unanimously on one of them. In its reinstruction to the jury, the trial court told the jury "[y]ou don't have to break the incidents down. If any one of them meets the test, a verdict of guilty would be appropriate." No objection was made by Hawkins. In light of the government's shift in legal theory "from one incident to two separate incidents after the jury began its deliberations coupled with the ambiguous instruction which may have resulted in a nonunanimous verdict", *id.,* 434 A.2d at 449, we held there was plain error on a constitutional issue.

We agree that the instant appeal is controlled by *Hawkins, supra.*[3] Despite the government's theory of prosecution—the single packet evidenced the distribution and the thirteen packets evidenced the possession with intent to distribute—when the jury notes are read seriatim and reasonably read (or at least one reasonable reading), it is apparent that the jury did not recognize or understand this. The jury notes indicated they wanted to know whether they could consider the one packet Smith sold to Newman with respect to the possession with intent to distribute count as to the thirteen packets. Instead of answering the question simply No, the court answered the jury note in a fashion where a reasonable juror could have concluded that the possession of the single packet sold to Newman could also be the gravamen of the possession with intent to distribute count.[4] This ambiguous instruction coupled with the jury verdict returned shortly thereafter makes it clear to us that the conviction on the two possession with intent to distribute counts is infected with plain error on a constitutional issue. *See Hawkins v. United States, supra.* They are reversed.

AFFIRMED IN PART; REVERSED IN PART.

---

3. While it is true that in *Hawkins,* the trial court further aggravated the situation by giving an affirmative instruction that the jury in fact did not "have to break down the incidents," 494 A.2d at 449, the instant case presents an added feature not present in *Hawkins.* Here, as indicated above, a conviction based on the possession of the one packet could not stand together with the conviction on the greater charge of distribution.

4. Assuming that a jury instruction could have been properly crafted embracing the government's new "circumstantial evidence" theory, the one actually given did not accomplish the task.