Zebedee **HARDY**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 18513.

United States Court of Appeals District of Columbia Circuit.

Argued June 9, 1964.

Decided June 25, 1964.

Mr. Mozart G. Ratner, Washington, D. C. (appointed by this court) for appellant. Mr. David L. Shapiro also entered an appearance for appellant.

Mr. Martin R. Hoffmann, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, WASHINGTON and DANAHER, Circuit Judges.

PER CURIAM:

The appeal is from convictions of violations of the narcotic laws, 26 U.S.C. § 4704(a) and 21 U.S.C. § 174.[1]

Ordinarily a ruling on the relevancy of evidence depends upon the exercise of the sound discretion of the trial judge and will not be disturbed upon appeal except for grave abuse. Here two officers testified that they were driving an unmarked car when they saw the appellant on the sidewalk with a small cellophane package in his hand. They stopped the car and approached him. He threw the package into a tree-well, the officers testified. They then arrested the appellant at a particular point. The defense sought to impeach the statements of the officers by a tender of proof that the appellant physically could not have been present at the point of arrest as claimed by the officers. The trial judge excluded such defense testimony as irrelevant. In ruling he stated: "After all, the question is did he have those 41 capsules on his person; that's all. That is the only question for the jury to decide."

Certain discrepancies in the testimony of the two officers had already raised a basis for doubt as to their version of the purported circumstances upon which the arrest depended. Just where the arrest took place was another uncertain factor which the jury was entitled to consider. Thus the ruling by the trial judge which ordinarily might have been of scant significance, here took on particular importance.

1. For prior history of the case see Hardy v. U. S., 375 U.S. 277, 84 S.Ct. 424, 11 L.Ed.2d 331.

We think the proffer was relevant and that the exclusion of the defense evidence was such error as to require a new trial.

█ There is a second ground for reversal. The trial judge effectively removed the factual issues from that free choice of jury decision which trial by jury requires. The judge stated as facts, rather than as testimony to be considered by the jury in deciding the facts, the whole case of the prosecution.[2] This was not cured by instructions that what he said as to the facts was not binding on the jury but was intended only to help, and that the final decision on the facts and on the evidence was solely within the domain of the jury. The defendant was not only entitled to such an instruction, he was also entitled to have the trial court itself conform to the instruction; that is to say, the court must actually leave the factual decisions to the jury, not merely say that he does so. The court did the latter, but not the former. As illustrated in note 1, supra, the court clearly told the jury what the facts were as the court itself had decided them to be. The right of a federal judge to comment upon the evidence does not go so far. The defendant may not thus be deprived of the substance of trial by jury guaranteed by the Sixth Amendment. Billeci v. United States, 87 U.S.App.D.C. 274, 282–83, 184 F.2d 394, 402–403, 24 A.L.R.2d 881 (1950); United States v. Meltzer, 100 F.2d 739, 747–48 (7th Cir. 1938) (concurring opinion).

Reversed and remanded.

2. Thus, the court said:
"This is a narcotic case. As I said to you a minute ago, it is a simple case. Two police officers attached to the Narcotics Squad having received word that someone was peddling narcotic drugs in a particular block of Q Street were sent in an unmarked police car in plainclothes to put the block under surveillance. They noticed the defendant walking along and they noticed that he had a small package in a Cellophane or glassine wrapper, at least as it appeared to them from a distance. They followed him. He turned the corner and they stopped their car and one of them got out and they saw the defendant drop this little package into a tree box. They retrieved the package. It contained forty-one capsules with white powder. They arrested the defendant. It does not make any difference whether the two together or one or the other arrested him. The two officers were working together. The government chemist examined each of the forty-one capsules, found that each of them contained heroin, a narcotic drug, and the capsules were produced in this court. That is all there is to the case."