**Charles M. JONES, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 7239.

District of Columbia Court of Appeals.

Argued Jan. 15, 1974.

Decided April 30, 1974.

Alan S. Anderson, appointed by this court, with whom Dorsey Evans, Washington, D.

C., also appointed by this court, was on the brief, for appellant.

Douglas M. Jackson, Asst. U. S. Atty., with whom Harold H. Titus, Jr., U. S. Atty. at the time the brief was filed, John A. Terry and Charles R. Wagner, Asst. U. S. Attys., were on the brief, for appellee.

Before KELLY, KERN and NEBEKER, Associate Judges.

KELLY, Associate Judge:

Appellant, convicted by the court of possession of marijuana,[1] alleges in this appeal that the evidence produced at trial was insufficient to support his conviction and, alternatively, that it was error to deny his proffered jury instruction relating to the government's burden of proving possession of a usable quantity of narcotics. We affirm.

The relevant prosecution testimony was that in the early morning hours of March 12, 1972, appellant was stopped by the police for the traffic offense of driving while intoxicated. In the course of perfecting the arrest, appellant was seen by one of the police officers to throw to the ground a bottle "filled to the brim" with a greenish weed substance, later identified as marijuana. At the precinct, in the report writing room where the bottle had been placed momentarily on a table, appellant suddenly jumped from the chair in which he was seated and spilled the bottle's contents over the table and floor. Later, as the interviewing officer turned to comply with appellant's request for a cigarette, appellant managed to pick up the bottle and drop it on the floor. As a result of these two episodes only a small amount of marijuana was left in the bottle and, after chemical analysis, 16 milligrams remained for use as evidence at trial.

The argument here is that the court should have granted appellant's several motions for judgment of acquittal based upon the contention that the small amount of

---

1. D.C.Code 1973, § 33–402.

marijuana produced at trial was not usable within the purview of the statute and, failing that, the court should have given appellant's proffered instruction requiring that the jury consider not only the quantitative analysis of the substance alleged to have been possessed, but also the application of a usability test as well.

This court has held that proof of possession of a usable quantity of an identified narcotic is essential to support a conviction of unlawful possession of a narcotic drug and that "where there is only a trace of a substance, a chemical constituent not quantitatively determined because of minuteness, and there is no additional proof of its usability as a narcotic, there can be no conviction under § 33–402(a)." Edelin v. United States, D.C.App., 227 A.2d 395, 399 (1967).[2] Relying on the language of *Edelin,* appellant argues that despite the testimony of a chemist as to a quantitative analysis of the substance here in question, the production at trial of a bottle containing only 16 milligrams of the alleged contraband did not constitute proof that he possessed a usable quantity of narcotics. The answer to this argument is, we think, contained in the court's statement in State v. Goetz, 7 Or.App. 515, 491 P.2d 220, 222 (1971), cert. denied, 408 U.S. 929, 92 S.Ct. 2510, 33 L.Ed.2d 342 (1972), as follows:

Defendant seems to have assumed, as part of his argument in this court, that any usable-amount question is limited to the amount of narcotics that the state literally introduced as evidence at trial, that is, two or less milligrams in this case. We have, however, discovered no cases that would support such a concept, even in those states that have adopted a usable-amount requirement. Instead, the amount of narcotics the defendant had in his possession, like any element of any other crime, can be proven by circumstantial evidence. [Citations omitted.]

■ The significant circumstantial evidence presented by the government in this case to show that when arrested appellant did indeed possess a usable amount of marijuana is that he originally had in his possession a bottle "filled to the brim" with a greenish weed, subsequently identified as marijuana, which he tried to throw away, and that he had twice attempted to scatter and contaminate the contents of that bottle by spilling them on the floor. This testimony clearly presents a question of fact for jury determination on the usable-amount issue and suffices as well to sustain its verdict.

■ As to appellant's proffered jury instruction,[3] it appears from the record that it is in some respects lacking a factual predicate in the evidence. Additionally, we note that counsel vigorously argued his theory of defense to the jury and that the court's instructions, while general, were marginally adequate. Under these circumstances the refusal to instruct the jury in terms requested by appellant, if error, was harmless.

Affirmed.

---

2. *See also* Payne v. United States, D.C.App., 294 A.2d 501 (1972); Hinton v. United States, 137 U.S.App.D.C. 388, 424 F.2d 876 (1969).

3. The requested instruction reads:
    You are instructed that a quantitative analysis of the substance (marijuana in this case) to determine the weight or relative amount of marijuana present must be made and testified to.
    If you find that no quantitative analysis of the seized items [sic] was made, and that the record was lacking in any proof of the existence of a usable quantity of the prescribed drug, then you may return a verdict for the defendant as to this count.
    In reaching your decision, you may consider that it is common practice of marijuana smokers to mix the weed with different substances, such as oregano or other herbs. You may also consider that if the substance can not be sold, if it cannot be administered or dispensed, it is not such a narcotic as contemplated by Congress to be a danger to society, the possession of which is prohibited. [R. at 83.]