**Alphonzo RICHARDSON, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 9841.**

District of Columbia Court of Appeals.

Submitted Sept. 8, 1976.

Decided Nov. 22, 1976.

Joel Chasnoff, Washington, D.C., appointed by the court, was on the brief for appellant.

Earl J. Silbert, U.S. Atty., and John A. Terry, Mary Ellen Abrecht, and Richard H. Saltsman, Asst. U.S. Attys., Washington, D.C., were on the brief for appellee.

Before YEAGLEY, HARRIS, and MACK, Associate Judges.

HARRIS, Associate Judge:

The issue is whether the government introduced enough evidence at appellant's trial to prove that he had possession of a usable quantity of marijuana in violation of D.C.Code 1973, § 33–402(a). We agree with the trial court that the government carried its burden of proof, and affirm the conviction.

To overcome a motion for a judgment of acquittal, the government needs only to

---

3. *Compare Brown v. United States, supra.*

produce enough evidence to enable a reasonable person to find guilt beyond a reasonable doubt. *Williams v. United States*, D.C.App., 357 A.2d 865 (1976); *Smith v. United States*, D.C.App., 343 A.2d 40 (1975); *Crawford v. United States*, 126 U.S.App.D.C. 156, 375 F.2d 332 (1967); *Curley v. United States*, 81 U.S.App.D.C. 389, 160 F.2d 229, *cert. denied*, 331 U.S. 837, 67 S.Ct. 1511, 91 L.Ed. 1850 (1947). This court is obliged to examine the evidence in a light most favorable to the government, giving recognition to the fact-finder's right to weigh the credibility of the witnesses and to draw justifiable inferences from their testimony. *Williams v. United States, supra; Kenhan v. United States*, D.C.App., 263 A.2d 253 (1970).

Appellant and two companions were arrested by two police officers who had observed them for about 10 minutes, during which time they were sharing a pipe. The officer who arrested appellant testified that he smelled marijuana as he approached the trio. He seized the pipe from appellant, determined that it was still burning, and extinguished the fire in the bowl. He then conducted a field test which indicated that the pipe contained marijuana. The material remaining after the field test was consumed in the course of the further tests which were performed by a Drug Enforcement Administration forensic chemist. These tests proved that the pipe contained marijuana resin, although by that time the amount was so small that the chemist was unable to weigh it.

In his cross-examination of the arresting officer, defense counsel brought out the information that one of the persons arrested with appellant had in his possession a vial containing marijuana mixed with PCP, the latter being sometimes called "angel dust". This substance had the appearance of "a real finely chopped green weed", to use the officer's description which defense counsel

apparently accepted. Defense counsel then argued (1) that the marijuana resin might have been only a residue from an earlier use of the pipe, (2) that the substance being smoked at the time of the arrest might have been PCP or some other substance, and (3) that the government's case rested only upon the officer's recollection of what he smelled when he approached appellant. The government countered that the tests on the codefendant's vial had proved the presence of PCP and other substances as well as marijuana, while the tests of the pipe's contents revealed only marijuana.

■ Although evidence that a defendant possessed only a negligible trace of an illegal drug will not support a conviction [*Payne v. United States*, D.C.App., 294 A.2d 501 (1972); *Edelin v. United States*, D.C.App., 227 A.2d 395 (1967)], the relevant quantity to be considered in determining whether a defendant possessed a usable amount of a prohibited drug is the amount which the defendant had in his possession, rather than how much is introduced as evidence. *Jones v. United States*, D.C.App., 318 A.2d 888 (1974). The trial court properly took into consideration the pipe's contents during the period in which appellant and his companions were smoking it. A person who has a drug in a pipe which he is smoking obviously possesses a usable amount of the drug, for he in fact is using it. Unlike the factual situation presented in *Payne, supra,* chemical tests proved that the pipe contained marijuana resin. Nothing but defense counsel's speculation suggested that the pipe might have contained anything else. The trial court's conclusion that appellant possessed a usable quantity of marijuana unquestionably is not "plainly wrong or without evidence to support it." D.C.Code 1973, § 17–305. The judgment accordingly must be affirmed.

*Affirmed.*