**James Murphy DAVIS, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 80–946.**

District of Columbia Court of Appeals.

Argued April 14, 1982.

Decided July 1, 1982.

Sidney R. Bixler, Washington, D. C., appointed by the court, for appellant.

Gayle D. Hargrove, Asst. U. S. Atty., with whom Stanley S. Harris, U. S. Atty., John A. Terry, Michael W. Farrell, and A. Carlos Correa, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KERN, PRYOR and BELSON, Associate Judges.

PER CURIAM:

In this appeal, appellant challenges his conviction after a jury trial of one count of unlawful possession of marijuana, D.C.Code 1973, § 33–402. The sole issue we address is whether the trial court's instruction to the jury permitted the jury to find appellant guilty of possession of marijuana without a unanimous verdict as to which incident constituted unlawful possession.[1] We find the instruction to be erroneous and accordingly reverse the conviction.

According to the government's evidence, one morning in August 1979 appellant sold one packet of marijuana for $5.00 to a taxicab driver driving along a street in Northwest Washington. Two plainclothes police officers in an unmarked police car, which had pulled up alongside the cab, witnessed this transaction and identified appellant as the seller. One of the plainclothes officers, Detective Gonzales, walked over toward appellant, who had moved approximately 15 feet from the cab, and arrested him. Detective McNamara, the other plainclothes officer, walked over to the cab driver and seized the packet of marijuana that had been thrown into the cab. The police

searched appellant and recovered four five dollar bills from his pants pockets. After handcuffing appellant's hands behind his back, the police put him into the back seat of a police vehicle and drove him to police headquarters. Detective McNamara testified that he observed Officer Burton recover another envelope of marijuana from the crack of the rear seat of the police vehicle as appellant was alighting from the car at police headquarters.

Testifying on his own behalf, appellant explained that he saw a man approach a taxicab after the cab driver made a gesture signifying that he wanted to buy a $5.00 packet of marijuana. Appellant explained that he approached the cab to give this person change. Appellant testified that the police searched him twice at that location, and drove him to another location to await a transport vehicle and searched him a third time before driving him to the precinct. He explained that because his hands were handcuffed behind his back as he sat in the police car, he could not have reached into his front or rear pockets.

Appellant contends that the trial court's instructions on unlawful possession of marijuana raised the possibility of a nonunanimous verdict. The jury must return a unanimous verdict pursuant to Super.Ct. Cr.R. 31(a) and the Sixth Amendment to the United States Constitution. *Johnson v. United States*, D.C.App., 398 A.2d 354, 369 (1979). "Because of the possibility of a nonunanimous verdict, when one charge encompasses two separate incidents, the judge must instruct the jury that if a guilty verdict is returned the jurors must be unanimous as to which incident or incidents they find the defendant guilty." *Hack v. United States*, D.C.App., 445 A.2d 634, at 641 *citing Hawkins v. United States*, D.C.App., 434 A.2d 446, 449 (1981).

In his opening statement the prosecutor explained that the testimony would show that appellant dropped two packets of mari-

---

1. Appellant raises several other contentions which our holding today makes it unnecessary to reach.

juana in the front seat of the cab.[2] The prosecutor did not mention the other envelope of marijuana which Officer Burton recovered from the police car which transported appellant to police headquarters. The prosecutor's closing argument emphasized that the only concern of the jury was to decide who possessed the two envelopes of marijuana introduced as government exhibits: the one allegedly sold to the cab driver and the other found in the police transport vehicle. He then summarized the testimony of the police officers concerning recovery of both envelopes of marijuana.

Instructing the jury, the trial judge gave standard instructions on the elements of the offense of narcotics possession. He also stated that the jury verdict must be unanimous, but did not explain that the jurors had to agree unanimously on which incident or incidents constituted unlawful possession of marijuana. Neither party objected to this aspect of the instructions.

These instructions combined with the government's theory of the case created the possibility that some members of the jury could have concluded beyond a reasonable doubt that appellant possessed the marijuana recovered from the taxicab, but had reasonable doubts that he possessed the marijuana recovered from the police car, while other jurors could have concluded beyond a reasonable doubt that appellant possessed the marijuana recovered from the police car, but had reasonable doubts about the marijuana recovered from the taxicab. Because of the possibility of a nonunanimous verdict, we find the trial court's ambiguous instruction amounts to plain error[3] requiring reversal of the conviction.

*Reversed and remanded.*

---

**2.** The evidence at trial established that the police recovered only one packet of marijuana from the cab.

**3.** Because of appellant's failure to object to the erroneous instruction, we may notice it on appeal only if it constitutes plain error. *Watts v. United States*, D.C.App., 362 A.2d 706, 708–09 (1976) (en banc); Super.Ct.Cr.R. 52(b).