**John A. BRISCOE, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 86–718.

District of Columbia Court of Appeals.

Submitted June 10, 1987.
Decided Aug. 5, 1987.

---

Dennis M. Hart, appointed by the court, was on the brief, for appellant.

Joseph E. diGenova, U.S. Atty., Michael W. Farrell, Mary Ellen Abrecht, Vincent W. Caputy, and Susan A. Nellor, Asst. U.S. Attys., were on the brief, for appellee.

Before NEBEKER, MACK and STEADMAN, Associate Judges.

PER CURIAM:

After a jury trial, appellant was found guilty of five separate counts of an indictment charging violations of the narcotics laws. He was sentenced to concurrent terms of imprisonment on all five convictions and on a sixth count in the indictment alleging possession of drug paraphernalia, D.C.Code § 33–603(a) (1986 Supp). He argues that his sentence for possession of drug paraphernalia was illegal, that two of the convictions merge, and that insufficient evidence supported the convictions. We direct the trial court to vacate the one year sentence imposed on the drug paraphernalia count (Count P) since there is no record of conviction, and we direct that the conviction and sentence on one of the marijuana counts likewise be vacated since the two marijuana convictions merge. In all other respects, we affirm.

On August 9, 1984, pursuant to a warrant, police officers searched a one bedroom apartment of which appellant was the sole lessee. When the officers entered, appellant was standing in the doorway of the apartment bedroom. Two other men were in the kitchen and a woman was near the front door. Controlled substances of various types and quantities were recovered from different locations within the apartment. Six tinfoil packets of marijuana treated with PCP were found in a small box in a garbage can in the kitchen. Recovered from at least four different locations in the bedroom were various quantities of untreated marijuana, largely unpackaged and in bulk form. Cocaine, heroin, cutting agents, packaging materials, and a pharmaceutical-grade scale were also found in various locations in the bedroom.

By indictment filed on June 12, 1985, appellant was charged with one count of possession with intent to distribute heroin (Count K), D.C.Code § 33–541(a)(1) (1986 Supp.), one count of possession with intent to distribute cocaine (Count L), id., one count of possession with intent to distribute PCP (Count M), id., two counts of possession with intent to distribute marijuana (Counts N and O), id., and one count of possession of drug paraphernalia with intent to use unlawfully (Count P), id., § 33–603(a). The two marijuana counts in the indictment, N and O, used identical language in charging appellant. Before trial, appellant moved to dismiss one of the counts on grounds of multiplicity. The government opposed the dismissal, arguing that the PCP-laced marijuana found in the kitchen trash can constituted a separate offense from the rest of the marijuana found in the bedroom. The trial court agreed and denied the motion to dismiss.

At the subsequent trial, the five counts of possession with intent to distribute were tried by a jury while the drug paraphernalia count was tried by the judge. The prosecutor kept the two marijuana charges distinct and the verdict form explicitly distinguished between the "trash can" marijuana and the "apartment" marijuana. The jury returned guilty verdicts on the five counts entrusted to it. The record, however, discloses that the judge never entered a finding of guilt on the drug para-

phernalia charge. After the trial, appellant was sentenced to five to fifteen years on the heroin charge, twenty months to five years on the cocaine and PCP charges, one year on each of the marijuana charges, and one year on the drug paraphernalia charge. All sentences were to be served concurrently.

■ Appellant first contends that his guilt on the drug paraphernalia count, D.C. Code § 33–603(a) (1986 Supp.), was never determined. We agree. The transcript of the proceedings demonstrates that the judge never rendered a verdict on this charge. We therefore direct that the trial court vacate the one year sentence imposed on Count P and enter a verdict.[1]

■ Appellant next contends that the two convictions for possession with intent to distribute marijuana merge.[2] Since the two marijuana charges were violations of the same statute, D.C.Code § 33–541(a)(1) (1986 Supp.), we are not confronted here with the typical merger issue which turns upon analysis of whether each offense "requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *see* D.C.Code § 23–112 (1981). Rather, we must determine whether the Council of the District of Columbia intended to permit multiple punishments for possession of the same drug at the same time and at approximately the same place. *See Albernaz v. United States*, 450 U.S. 333, 344, 101 S.Ct. 1137, 1145, 67 L.Ed.2d 275 (1981) (dispositive question in merger analysis is statutory intent); *Whalen v. United States*, 445 U.S. 684, 688, 100 S.Ct. 1432, 1435, 63 L.Ed.2d 715 (1980) ("the question whether punishments imposed by a court after a defendant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what punishments the Legislative Branch has authorized").

The statute provides in relevant part: (a)(1) [I]t is unlawful for any person knowingly or intentionally to ... possess with intent to manufacture or distribute, a controlled substance.

(2) Any person who violates this subsection with respect to:

\* \* \* \* \* \*

(D) A substance classified in Schedule V [marijuana], is guilty of a crime and upon conviction may be imprisoned

---

1. The government's reliance on the jacket and docket entries for proof that a finding of guilt on Count P was made is misplaced. The docket entry simply duplicates the jacket entry and both read: "Jury sent to deliberate. Verdict returned; 3:24 pm. Def found guilty on Counts K–P. Judgment, guilty." Count P represents the drug paraphernalia count which was tried before the court, not the jury. The jury never entered a guilty verdict on that count and indeed it had no power to do so since the count was tried before the court. Furthermore, at no point in the transcript of the proceedings does the judge render a verdict either convicting or acquitting appellant. The notation "Judgment, guilty," is a standard notation following the notation that the jury has rendered guilty verdicts. It cannot be considered as proof that the trial court made a finding of guilt on Count P in the absence of such a finding in the trial transcript.

It appears that the government, trial court, and defense counsel simply forgot that the drug paraphernalia count was tried before the court. Indeed, the ultimate sentence which was imposed was illegal. Appellant was charged with violation of D.C.Code § 33–603(a) (1986 Supp.), possession of drug paraphernalia with intent to use unlawfully, which carries a maximum sentence of 30 days. Appellant was sentenced, however, to a term of incarceration of one year, perhaps on the assumption that he had been charged and convicted under subsection (b) of § 33–603, possession with intent to deliver, sell, or manufacture drug paraphernalia. Subsection (b) carries a maximum penalty of two years under appropriate circumstances. In any case, it is clear from the record of these proceedings that a finding of guilt on the drug paraphernalia count was never made and that the sentence imposed was void *ab initio*.

2. Appellant does not argue that the trial court erred in denying his pre-trial motion to dismiss one of the counts on grounds of multiplicity. Of course, even if two counts are not multiplicitous, they may nevertheless merge for purposes of conviction and sentencing. *See, e.g., Beynum v. United States*, 480 A.2d 698 (D.C.1984) (vacating armed robbery because it merged with felony murder); *Leasure v. United States*, 458 A.2d 726 (D.C.1983) (vacating convictions for rape, robbery, and burglary because they merged with felony murder); *Arnold v. United States*, 467 A.2d 136 (D.C.1983) (vacating unauthorized use of a vehicle because it merges with grand larceny).

for not more than 1 year, fined not more than $10,000, or both.

D.C.Code § 33–541(a)(1), (2)(D) (1986 Supp.). The plain language of the statute indicates that the Council did not graduate the gravity of the crime in terms of the quantity of the controlled substance possessed. Nor does the provision by its own terms provide for distinctive penalties based on the purity of the controlled substance recovered, the packaging, or the location of the stashes.[3] *See United States v. Woods,* 568 F.2d 509 (6th Cir.), *cert. denied,* 435 U.S. 972, 98 S.Ct. 1614, 56 L.Ed.2d 64 (1978) (convictions and sentences for two counts of possession with intent to distribute heroin merged with the third identical count because no evidence of Congressional intent to impose separate penalties merely because heroin of a certain quantity and purity was found on defendant's person, that of another quantity and purity was found in the front seat of his car, and that of a third quantity and purity was found in the trunk). Thus, it appears that the Council did not intend to authorize multiple punishments under the facts of this case.

▪ Moreover, the applicable language of the statute criminalizes "possession" which is more appropriately described as a course of conduct than an act. " 'The test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately.... If the latter, there can be but one penalty.' " *Blockburger, supra,* 284 U.S. at 302, 52 S.Ct. at 181 (quoting Wharton's Criminal Law, 11th ed., § 34 n. 3); *see also United States v. Jones,* 533 F.2d 1387, 1390–91 (6th Cir.1976), *cert. denied,* 431 U.S. 964, 97 S.Ct. 2919, 53 L.Ed.2d 1059 (1977). In *Jones,* the Sixth Circuit prohibited multiple convictions and sentences for possession of the same weapon at three different times, reasoning:

Possession is a course of conduct, not an act; by prohibiting possession Congress intended to punish as one offense all of the acts of dominion which demonstrate a continuing possessory interest in a firearm. If Congress had wished to punish each act of dominion it could have done so easily by forbidding the acts of dominion instead of the course of conduct. In fact, Congress did declare the possessory acts of receiving and transporting firearms to be illegal, but Jones was not charged with performing such acts.

*Id.* at 1391. Likewise, appellant here was charged with possession with intent to distribute, not with the acts of distributing or manufacturing. *Cf. Blockburger, supra,* 284 U.S. at 301–02, 52 S.Ct. at 181 (although two counts charged defendant with sale of narcotics to the same person, the sales were separate and distinct and made at different times). Where, as here, appellant's constructive possession occurred at the same time in his apartment, multiple punishments are not authorized.

Finally, it is clear that the Council of the District of Columbia did not intend to protect different societal interests in prohibiting possession of marijuana with intent to distribute. *See, e.g., Jones v. United States,* 516 A.2d 929, 934 (D.C.), *cert. denied sub nom., Ward v. United States,* —— U.S. ——, 107 S.Ct. 2193, 95 L.Ed.2d 848 (1987). While the "societal interest" test is not the sole determinant in resolving the merger issue, *Byrd v. United States,* 500 A.2d 1376, 1386 n. 13 (D.C.1985), *adopted by en banc court,* 510 A.2d 1035 (D.C. 1986), it is certainly a relevant consideration.

▪ Concurrent one year sentences were imposed on appellant for his convictions on the two marijuana charges. It is now clear, however, that even concurrent sentences for offenses which merge are prohibited. *Ball v. United States,* 470 U.S. 856, 864–65, 105 S.Ct. 1668, 1673–74, 84 L.Ed.2d 740 (1985); *Byrd, supra,* 500 A.2d at 1381–82. We therefore direct the trial

---

**3.** This is not to suggest that in the exercise of its sentencing discretion, the trial court may not consider a factor such as drug quantity in determining the appropriate penalty under the range of statutory possibilities. Furthermore, the degree to which various combinations of significant differences in the cited factors may permit multiple punishments is the subject of some difference in the decided cases, none of which is squarely on point.

court to vacate one of the convictions for possession with intent to distribute marijuana and the one year sentence imposed thereon.

Appellant's final contention is without merit. The evidence, taken in the light most favorable to the government, clearly supports a finding that appellant constructively possessed, with intent to distribute, the controlled substances recovered from his apartment.

*Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.*