**Reginald BROWN, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 85-1099.

District of Columbia Court of Appeals.

Argued April 3, 1987.
Decided May 12, 1988.

Mark Stier, Washington, D.C., for appellant.

David M. Gaouette, Asst. U.S. Atty., with whom Joseph E. diGenova, U.S. Atty., at the time the brief was filed, and Michael W. Farrell and Thomas F. McCarthy, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEWMAN, TERRY and ROGERS, Associate Judges.

ROGERS, Associate Judge:

Appellant Reginald Brown was charged with one count of possession of marijuana and one count of possession of phencyclidine (PCP). D.C.Code § 33–541(d) (1986 Supp.). The jury returned a partial verdict finding him guilty of possessing marijuana, but before it had reached agreement on the PCP count the trial judge declared a mistrial on that count when one juror became ill. Brown seeks reversal of his conviction because the trial court failed *sua sponte* to give a special unanimity instruction, denied motions for a judgment of acquittal and to suppress evidence, and excluded hearsay statements and evidence of the condition of the arrest scene a week after the incident. We agree that the trial judge should have given the jury a special unanimity instruction. *Scarborough v. United States*, 522 A.2d 869 (D.C.1987) (en banc). Because the error was not harmless beyond a reasonable doubt, we reverse and remand for a new trial.

Police officers observed Reginald Brown smoking a cigarette and recovered the re-

mains of the cigarette immediately upon arresting him. Chemical tests found that the cigarette contained marijuana.[1] The police officers also saw Brown discard two tinfoil packets immediately before his arrest. Chemical tests found that the tinfoil packets contained marijuana sprayed with PCP. The trial judge instructed the jury: "... it is necessary that each juror agree to the verdict. Your verdict must be unanimous."

"The Sixth Amendment gives to a defendant the right to have his fate decided by a unanimous verdict." *Owens v. United States*, 497 A.2d 1086, 1092 (D.C.1985), *cert. denied*, 474 U.S. 1085, 106 S.Ct. 861, 88 L.Ed.2d 900 (1986); *see also* Super.Ct. Crim.R. 31(a). "There is no danger of a nonunanimous verdict when one charge encompasses only a single incident." *Owens, supra*, 497 A.2d at 1093. When one count of an indictment encompasses two separate incidents, however, the danger of a nonunanimous verdict arises. *Derrington v. United States*, 488 A.2d 1314, 1335 (D.C. 1985). In *Scarborough, supra*, 522 A.2d at 873, this court explained:

> [T]he unanimity issue under a single count of an information or indictment does not turn only on whether separate criminal acts occurred at separate times (although in some cases it may); it turns, more fundamentally, on whether each act alleged under a single count was a separately cognizable incident—by reference

to separate allegations and/or to separate defenses—whenever it occurred.

The court held that a special unanimity instruction was required in *Scarborough* because the defendant presented separate defenses to a single count charging receipt of different items of stolen property in a single burglary. 522 A.2d at 873. Previously the court had held that a special unanimity instruction is required when a defendant is charged in a single count with possessing different batches of a single controlled substance at the same time. *See Davis v. United States*, 448 A.2d 242, 244 (D.C.1982); *Hack v. United States*, 445 A.2d 634, 641 (D.C.1982).

In the instant case, the marijuana in the cigarette and in the tin foils constituted legally separate incidents to which Brown presented different defenses. The marijuana in the tinfoil packets was laced with PCP; that in the cigarette was not. Brown claimed that the government failed to prove the cigarette contained a usable amount of marijuana[2] and that someone else had discarded the tinfoil packets. Thus, the two batches of marijuana constituted legally separate incidents "by reference to separate defenses," *Scarborough, supra*, 522 A.2d at 873. Therefore,[3] the trial judge should have given a special unanimity instruction informing the jury that to convict Brown of the marijuana count it had to agree unanimously either that he

---

**1.** The marijuana recovered in the cigarette was five milligrams before testing, and zero milligrams afterwards.

**2.** Brown's contention that there was insufficient evidence of a "usable amount" of marijuana in the cigarette is meritless. *Richardson v. United States*, 366 A.2d 433, 434 (D.C.1976); *Jones v. United States*, 318 A.2d 888, 889 (D.C.1974); *Edelin v. United States*, 227 A.2d 395, 399 (D.C. 1967). The relevant amount is that which Brown had in his possession, not that introduced at trial, *Richardson, supra*, 366 A.2d at 434, and the amount can be proven by circumstantial evidence. *Jones, supra*, 318 A.2d at 889. "It is only when there is no evidence upon which a reasonable mind might fairly conclude guilt beyond a reasonable doubt that the judge may properly take the case from the jury." *United States v. Lumpkin*, 145 U.S.App.D.C. 162, 168, 448 F.2d 1085, 1091 (1971); *see also Rich-*

ardson, supra, 366 A.2d at 433–34. While the expert witness did not testify as to whether or not the cigarette contained a usable amount, other testimony showed that Brown was seen actually smoking the cigarette immediately before his arrest. This constitutes sufficient evidence to withstand a motion for judgment of acquittal, since someone "who has a drug in a [cigarette] which he is smoking obviously possesses a usable amount of the drug, for he in fact is using it." *Richardson, supra*, 366 A.2d at 434.

**3.** *Scarborough* applies retroactively. *Griffith v. Kentucky*, 479 U.S. 314, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) ("a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a 'clear break' with the past").

possessed the cigarette or that he possessed the tinfoil packets (or both).

In *Scarborough* the court distinguished between legal incidents and factual incidents. *Id.* at 873. Although there were separate legal incidents here, by reference to different defenses, there were not separate factual incidents because the evidence showed that Brown possessed both batches of drugs at the same time. Thus the government could not have charged Brown with more than one count of possession of marijuana because the simultaneous possession of the marijuana in the cigarette and the marijuana in the tinfoil packets constitutes only a single criminal offense. *Briscoe v. United States*, 528 A.2d 1243, 1246 (D.C.1987) (batches of marijuana found at same time in kitchen and bedroom not chargeable as separate offenses). *See also Bell v. United States*, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955) (simultaneous transportation of two women in interstate commerce for immoral purposes constitutes only one violation of the Mann Act); *Cormier v. United States*, 137 A.2d 212, 216–17 (D.C.1957) (simultaneous carrying of two pistols constitutes only one offense under D.C.Code § 22–3204). Indeed, because the simultaneous possession of two separate quantities of the same controlled substance constitutes only one criminal act, there would ordinarily be no unanimity problem if some jurors believed that Brown possessed only the marijuana in the cigarette and others believed he possessed only that in the packets. *See Briscoe, supra,* 528 A.2d at 1246. A unanimity problem arises on the particular facts of this case because Brown asserted different defenses to the two quantities and because of the lack of a verdict on the PCP count.

■ The remaining question is whether the error was harmless beyond a reasonable doubt. *Scarborough, supra,* 522 A.2d at 873; *Hack, supra,* 445 A.2d at 641. Considering the error in the context of the entire trial, *see Davis, supra,* 448 A.2d at 243–44 (examining prosecutor's opening and closing arguments and trial court's instructions in order to determine whether lack of special unanimity instruction constituted plain error), we conclude that it was unlikely the jury unanimously agreed that all of the elements of possession of the cigarette had been proved beyond a reasonable doubt. The prosecutor and defense counsel both told the jury in their closing arguments that the remains of the cigarette did not contain a usable amount of marijuana and, therefore, constituted insufficient evidence of possession. The relevant instruction to the jury stated only that the government had to prove "the defendant possessed some measurable amount of a controlled substance," and that the arguments of counsel were not evidence. In the absence of further clarification, all twelve jurors could hardly have ignored the prosecutor's concession on usable amount.

Similarly, we are unable to conclude that the jury unanimously agreed Brown possessed the marijuana in the tinfoil packets. The evidence showed the marijuana in the tinfoil packets was sprayed with PCP. The jury had failed to reach agreement on the PCP count when it returned a partial verdict. Outside the presence of the jury, the prosecutor attempted to explain this discrepancy by theorizing that the jury unanimously agreed Brown knew there was marijuana in the tinfoil packets but disagreed whether he knew it was laced with PCP; the prosecutor referred to the expert's testimony that PCP has a strong chemical odor. The evidence before the jury does not support this theory, however. Neither the expert testimony nor any other testimony indicated that Brown knew about one drug and not the other. The prosecutor presented the government's case on the basis that Brown knowingly possessed both drugs. The defense did not argue the dual knowledge theory, claiming that Brown had never possessed the tinfoil packets and someone else had. Therefore, if the jury had adopted the prosecutor's theory, the verdict would not have been rationally based on the evidence. *See Scarborough, supra,* 522 A.2d at 874 (error is harmless where "the only basis for perceiving the jury's verdict was not unanimous would be that the jury acted irrationally").

This case is the converse of *Hack, supra,* 445 A.2d at 641. In *Hack,* as here, one

batch of marijuana contained PCP and the other did not.[4] The court held that the failure to give a special unanimity instruction was harmless because the jury's verdict of guilty on the PCP charge also showed that it was unanimous regarding the marijuana in that batch. Here the jury convicted Brown of the marijuana count but not the PCP count, and there is no way to tell how the jury reached its verdict. Therefore, because it is unlikely the jury acted unanimously with respect to the cigarette or the tinfoil packets, the conviction for possession of marijuana may have been based on different batches of that drug. Accordingly, Brown's sixth amendment right to a unanimous verdict was denied, and the failure to give a special jury instruction was not harmless.[5]

■ Brown's other claims of error require only brief comment. First, his contention that the tinfoil packets should have been suppressed under *Terry*[6] and *Mendenhall*,[7] because he was stopped the moment he saw the two police officers approaching and realized that he was not free to leave, is contrary to the evidence.[8] In *Terry, supra* note 6, 392 U.S. at 19 n. 16, 88 S.Ct. at 1879 n. 16, the Court made clear that "[o]nly when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." *See also Mendenhall, supra* note 7, 446 U.S. at 554–55 (followed in *Purce v. United States*, 482 A.2d 772, 776 (D.C. 1984)); *United States v. Barnes*, 496 A.2d 1040, 1042 (D.C.1985). No such circumstances are present in the instant case, and therefore a *Terry* stop had not occurred before Brown discarded the tinfoil packets. Brown only saw the officers approaching from one direction and he was not stopped until he had tried to discard the hand-rolled cigarette he was smoking and two tinfoil packets. His reliance on *State v. Davis*, 359 So.2d 986 (La.1978), is misplaced.

■ Second, we find no error by the trial judge in excluding the hearsay testimony of Brown's first defense attorney that a man named Bailey, who asserted his fifth amendment privilege not to testify, had said he owned and discarded the tinfoil packets. Bailey made the statement three months after Brown's arrest and there was no corroborating evidence that Bailey had committed the crime. *See Laumer v. United States*, 409 A.2d 190, 200–01 (D.C. 1979) (en banc) (declarations made shortly after the crime are often more reliable than those made later, and a close friendship or familial relationship between the declarant and the witness indicates reliability). Bailey had spoken to Brown's attorney several

---

4. In *Hack, supra, Davis, supra,* and the instant case, defendants possessed two separate batches of marijuana at the same time, and therefore were charged with only one count of possession. In both *Hack* and *Davis* defendants were arrested immediately after having been seen holding packages of drugs, and then handcuffed and put in police cars. Later the police found additional packages of drugs in the cars where defendants had been sitting. Since they could not have received additional drugs in the police cars, it is clear that these defendants simultaneously possessed both batches at the time of their arrest, and accordingly they were each charged with only one count. Both *Hack,* 445 A.2d at 641, and *Davis,* 448 A.2d at 244, hold that where two batches of drugs are involved in one count, it is error not to instruct the jury that they must be unanimous as to one batch or the other (or both).

5. In view of our resolution of the unanimity issue, we need not address Brown's claim that the trial judge erred in refusing to ask the jury for a particularized verdict.

6. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

7. *United States v. Mendenhall,* 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980).

8. One police officer testified that when he and a second officer came around the corner of the building and walked towards Brown, Brown immediately threw down the tinfoils and began to walk away. The officers had not said anything to Brown or engaged in any threatening actions indicative of a seizure. A third officer testified that when he came around the other corner, he saw Brown twisting the remains of a cigarette and trying to discard the leaves of the substance smoked from the paper. As he was being told by the first officer about the tin foils, the third officer stopped Brown. The third officer testified that while the stop and his own awareness of the tin foils were simultaneous, he stopped Brown because he was twisting the cigarette.

times after Brown's arrest before admitting his guilt; Bailey's admission was not made to a friend, relative, or other person with whom he had a relationship indicating a particular trust. Although someone was standing near Brown when the police saw him smoking a rolled cigarette, both officers testified that Brown, and not the other person, had discarded the tinfoil packets. The trial judge's ruling that the corroborating circumstances did not indicate the trustworthiness of Bailey's statement was not clearly erroneous. *Id.* at 203; D.C. Code § 17–305 (1981).

■ Finally, we also find no error by the trial judge in excluding testimony regarding the amount of drug litter in the park the week after Brown was arrested. This evidence was irrelevant in the absence of any proffer of evidence that the condition of the park had not changed. *See Ritson v. Don Allen Chevrolet,* 233 Pa.Super. 112, 118, 336 A.2d 359, 363 (1975); *Topelski v. Universal,* 407 Pa. 339, 346–48, 180 A.2d 414, 418 (1962); 32 C.J.S. *Evidence* § 585. In addition, unlike *Hardy v. United States,* 118 U.S.App.D.C. 253, 335 F.2d 288 (1964), on which Brown relies, the excluded evidence did not bear on the central issue in the case.

Accordingly, the judgment is reversed, and the case remanded for a new trial.

TERRY, Associate Judge, concurring:

I agree that appellant's conviction should be reversed, but not precisely for the reasons set forth in Judge Rogers' opinion for the court. I start from the premise that, as a matter of law, the simultaneous possession of two quantities of the same drug constitutes only one offense. If there was ever any doubt about this, that doubt was laid to rest several months ago by our decision in *Briscoe v. United States,* 528 A.2d 1243 (D.C.1987), in which we held that a defendant who possessed six tinfoil packets of marijuana in the kitchen and four containers of marijuana in bulk in the bedroom of the same apartment was guilty of only one act of possession, and hence only one statutory violation. Likewise in this case, possession of the marijuana in the cigarette and the marijuana in the tinfoil packets was a single act, punishable only once. Legally, the two quantities of marijuana merged into one, so that it would not matter if some jurors found that appellant possessed only the cigarette while others found that he possessed only the tinfoil packets. Were it not for the peculiar circumstances in which the verdict was rendered in this case, I would hold that *Briscoe* controls and that we should affirm the conviction. *See also, e.g., Cormier v. United States,* 137 A.2d 212, 216–217 (D.C. 1957) (simultaneous carrying of two pistols without a license for either of them constitutes only one violation of statute which proscribes carrying "a pistol" without a license).

What makes this case different is the return of the partial verdict, followed by the separation of the PCP charge from the marijuana charge when one of the jurors was taken ill. Since the evidence showed that the PCP was associated only with the marijuana in the tinfoil packets, the lack of a verdict on the PCP charge makes it impossible for us, as a reviewing court, to determine whether the marijuana verdict was based on the cigarette or the tinfoil packets. This is a critical issue because, as Judge Rogers points out, appellant raised different defenses with respect to the two quantities of marijuana. Thus we cannot say that the manner in which the jury reached its verdict is of no legal consequence—as we did, for example, in *Tyler v. United States,* 495 A.2d 1180, 1182 (D.C. 1985), where we held that even if some jurors found the defendant guilty as a principal and others found him guilty as an aider and abettor, reversal was not required because an aider and abettor is deemed to be a principal as a matter of law.

I agree in essence with Judge Rogers' observation, *ante* at 1235, that this case presents the flip side of *Hack v. United States,* 445 A.2d 634, 641 (D.C.1982), and on that basis I concur in reversal. I emphasize, however, that this is a unique case with special facts, and that the general rule, applicable to almost all cases, is that announced in *Briscoe.*

I am in full agreement with the remainder of Judge Rogers' opinion, dealing with Brown's other claims of error, and also with footnote 2 on page 1233.