**Rodney GREEN, Appellant,**

v.

**UNITED STATES, Appellee.**

Nos. 86–1714, 86–1724.

District of Columbia Court of Appeals.

Submitted May 26, 1988.

Decided July 21, 1988.

David C. Gray, Washington, D.C., appointed by this court, was on the brief, for appellant.

Joseph E. diGenova, U.S. Atty. at the time the brief was filed, and Michael W. Farrell, and Ellen Bass, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before MACK, TERRY and STEADMAN, Associate Judges.

STEADMAN, Associate Judge:

Before us is another appeal involving a challenge to jury unanimity. We review on a plain error standard and affirm.[1]

## I.

Appellant Green thrice appeared unbidden on a balcony of complainant's apartment. The first time was about 11 p.m. on the evening of July 1, 1986. Complainant called the police. An officer responded, and both he and complainant told Green to leave as he had no permission to be there. About an hour and a half later, thus in the extremely early hours of July 2, the officer rechecked the balcony, found Green again sleeping on the balcony, and told him again to leave.

About 11 p.m. in the evening of July 2, complainant again found Green on her balcony. She again called the police, who this time arrested Green for unlawful entry in violation of D.C. Code § 22–3102 (1981). He was convicted of this offense in a jury trial. He now appeals to this court.

## II.

The only issue raised by Green before us is a challenge based on possible lack of jury unanimity in the verdict. *See Scarborough v. United States,* 522 A.2d 869 (D.C.1987) (en banc). More precisely, the objection is to the trial court's failure to give, *sua sponte,* a special unanimity instruction. Green argues that the jury may have convicted him for unlawful entry on either of two distinct occasions, *viz.,* the entry in the early morning hours of July 2 or the entry that evening about 11 p.m. The informa-

1. Appellant was convicted of unlawful entry, D.C. Code § 22–3102 (1981), and failure to appear, D.C. Code § 23–1327 (1981), after a trial in which these two matters were consolidated. He does not challenge on appeal his conviction for failure to appear.

tion itself simply charged an unlawful entry "on or about July 2."

He points out that not only were two separate incidents involved, separated by a significant time gap, but also that the evidence presented separate defenses. Green testified at the trial that since he was incarcerated until July 2, he could not have been on the balcony on the instances prior to the night of July 2, a defense of alibi as to the episode occurring in the early morning hours of July 2. Then, with respect to the incident on the evening of July 2, he had no warning from the complainant or the police and hence his defense was lawful authority; that is, that his entry was not "against the will" of the complainant. (Complainant's family knew Green through work and church activities.) *See, e.g., Bowman v. United States*, 212 A.2d 610 (D.C.1965).

Since Green never requested a special unanimity instruction, we will reverse only if we find plain error "so clearly prejudicial to substantial rights as to jeopardize the very fairness and integrity of the trial." *Allen v. United States*, 495 A.2d 1145, 1151 (D.C.1985) (en banc) (citation omitted). The case before us differs from those in which a single factual incident is present but a unanimity problem is presented because of differing defenses, creating what we have termed separate legal incidents. *See Brown v. United States*, 542 A.2d 1231, 1233–1234 (D.C.1988) (citing *Scarborough v. United States, supra*). In such instances, we have excused a failure to request a special unanimity instruction in trials arising prior to the *Scarborough* decision because of justified reliance on our second holding in *Barkley v. United States*, 455 A.2d 412, 415–16 (D.C.1983), which was overruled in *Scarborough*. *See Scarborough, supra* 522 A.2d at 873.[2] Here, however, two clearly separate incidents were involved, which our case law has recognized as open to a special unanimity instruction at least since *Johnson v. United States*, 398 A.2d 354 (D.C.1979).

**2.** Whether the "differing defenses" principle in its pure form, as in *Scarborough,* is applicable here would be at least questionable, since they

In *Shivers v. United States*, 533 A.2d 258 (D.C.1987), we reviewed our jurisprudence with respect to plain error review in unanimity cases. We concluded:

> It is not enough to show for plain error analysis that the evidence, relevant to a single count, reveals (if indeed it did here) two or more incidents which might be sufficiently separate to warrant, if requested, a special unanimity instruction; our cases call for more. We simply do not find here any aggravating element that would cause us to find that a "miscarriage of justice" occurred below.

*Id.* at 263 (footnote and citation omitted).

### III.

We turn our attention to the record before us to determine whether "any aggravating element" exists to warrant reversal. We find none. This was an utterly straightforward trial. Throughout, the entire focus was on the entry in the evening of July 2 as the crime charged. The prosecution in both opening and closing argument referred solely to that entry as the incident at issue. Defense counsel did the same. Green's defense was based on a single argument: lack of criminal intent because appellant was without a place to sleep and knew the complainant. In closing argument, defense counsel never even alluded to Green's testimony that he had been incarcerated until July 2. Indeed, never once in the trial was the second entry mentioned as having occurred on "July 2." This fact could be deduced only by the officer's testimony that he saw Green on the balcony "about an hour and a half" after the first entry.

Thus, the case before us stands in a clearly different posture from those unanimity cases in which we have reversed on plain error grounds. Here, there is not the slightest indication of jury confusion by, for example, notes sent out during deliberation, as in *Hawkins v. United States*, 434 A.2d 446 (D.C.1981), or a shift by the prosecution mid-trial in the theory of the case, as in *Davis v. United States*, 448 A.2d 242 (D.C.1982).

both rest on a single factual predicate; *viz.,* appellant's incarceration until July 2.

Nor does Green's belated assertion of differing defenses suggest a possible lack of unanimity. As already indicated, no such defenses were argued at trial, unlike, for example, *Horton v. United States*, 541 A.2d 604 (D.C.1988), where appellant actually presented distinct and sharply different defenses. *Id.*, 541 A.2d at 611. Indeed, even if both defenses had been clearly put to the jury, plain error reversal would not seem warranted. For non-unanimity to exist in the jury verdict, some jurors would have had to convict solely on the entry in the early hours of July 2 and others solely on the entry at 11 p.m. that night. To convict solely for the first entry on July 2, the jury would have had to disbelieve Green's testimony that he was in prison, yet believe that because of that fact, he was without notice that the evening entry on July 2 was without lawful authority. Conversely, to convict solely for the second entry on July 2, the jury would have had to believe Green's testimony that he was in prison, yet find that he had notice from the prior entries (no other evidence of such notice being presented by the government) that the evening entry on July 2 was without lawful authority. "[W]e are not permitted to find reversible error when the only basis for perceiving the jury's verdict was not unanimous would be that the jury acted irrationally." *Scarborough, supra*, 522 A.2d at 874.

*Affirmed.*