Bobby L. BROWN, Appellant,

v.

UNITED STATES, Appellee.

No. 96–CF–236.

District of Columbia Court of Appeals.

Argued March 19, 1997.
Decided April 10, 1997.

Matthew W. Greene, appointed by this court, for appellant.

Barbara E. Kittay, Assistant United States Attorney, for appellee. Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Roy W. McLeese, III, Gary M. Wheeler, and Colleen Covell, Assistant United States Attorneys, were on the brief, for appellee.

Before TERRY and REID, Associate Judges, and GALLAGHER, Senior Judge.

TERRY, Associate Judge:

Appellant Brown was convicted of possession of cocaine with intent to distribute it (PWID)[1] (count B of the indictment), possession of cocaine with intent to distribute it

1. D.C.Code § 33–541(a)(1) (1993).

while armed with a firearm [2] (count C), possession of a firearm while committing a crime of violence or a dangerous crime (PFCV) [3] (count D), and two misdemeanor firearms offenses (counts F and G).[4] He received concurrent sentences on all counts, including mandatory minimum sentences of five years each on counts C and D. On appeal Brown makes two separate but related arguments. First, he maintains that the evidence was insufficient to support any of his convictions. Second, he contends that because he was never "armed" with a pistol, he should not have received a mandatory minimum sentence on count C. We agree that the evidence failed to show that Brown was "armed" at the time he was in constructive possession of the cocaine, but we reject the remainder of his sufficiency argument. We therefore vacate the sentence on count C and remand the case for resentencing on that count. We vacate as well the conviction on count B because it merges with count C; otherwise we affirm Brown's convictions.

Briefly summarized, the government's evidence (Brown presented none) showed that Brown and his co-defendant, Harold Smith,[5] were engaged in what appeared to be drug trafficking on the sidewalk and street in front of a house at 1349 Florida Avenue, N.W. Testimony from an expert in the practices of drug sellers, Detective Johnny St. Valentine Brown, showed that appellant Brown was the holder and Smith was the runner in this two-man operation. Brown and Smith were both arrested by a team of officers after a four-hour police surveillance. One of the arresting officers searched Brown and found $465 in cash in his pockets, but no weapon of any kind was found on his person. A search of Smith's knapsack yielded a plastic bag containing nine smaller plastic bags which one of the officers had previously seen

Brown give to Smith. Inside each of the smaller bags was a quantity of crack cocaine. Police officers then obtained a search warrant and searched the house at 1349 Florida Avenue, where Brown had been seen coming and going. In an upstairs bedroom they found more crack cocaine in plastic bags, a box of unused plastic bags and other drug paraphernalia, and several personal papers (including a voter registration card) bearing Brown's name and showing his address as 1349 Florida Avenue, N.W. Under a pair of pants on a chair the police found a loaded .32 caliber semi-automatic pistol. Elsewhere in the house—in the dining room and kitchen— the police found other drug paraphernalia and a plastic bag containing a quantity of white powder.

 We must, of course, view the evidence in the light most favorable to the government, giving it the benefit of all reasonable inferences. *See, e.g., Nelson v. United States,* 601 A.2d 582, 593 (D.C.1991) (citing cases). Applying this standard, we hold that the evidence was sufficient to prove that appellant Brown, while on the sidewalk in front of the house, constructively possessed the drugs and the gun found in the bedroom. *See Guishard v. United States,* 669 A.2d 1306, 1312–1313 (D.C.1995); *Davis v. United States,* 623 A.2d 601, 603–604 (D.C.1993); *Earle v. United States,* 612 A.2d 1258, 1265– 1270 (D.C.1992); *Bernard v. United States,* 575 A.2d 1191, 1195–1196 (D.C.1990). The evidence showing Brown's interaction with Smith was also sufficient to prove that Brown constructively possessed the drugs found in Smith's knapsack, *i.e.,* "(1) that [Brown] knew of the location of the drugs [in the knapsack]; (2) that he had the ability to exercise dominion and control over them; and (3) that he intended to guide their desti-

**2.** D.C.Code §§ 33–541(a)(1) (1993), 22–3202(a)(1) (1996). The first cited section of the code is the statute that makes PWID a crime; the second provides for a mandatory minimum sentence of five years for a defendant convicted of PWID (among other offenses) while "armed with" a firearm or other dangerous weapon.

**3.** D.C.Code § 22–3204(b) (1996). "Dangerous crime" is defined in D.C.Code § 22–3201(g) to include PWID when the latter offense is punisha-

ble by more than one year in prison, as is the case here.

**4.** Brown was also charged with carrying a pistol without a license (count E), but the court granted a judgment of acquittal on that count at the close of the government's case.

**5.** Brown and Smith were jointly indicted, but Brown's case was later severed from Smith's, and Brown was tried alone.

ny." *Speight v. United States,* 599 A.2d 794, 796 (D.C.1991) (citations omitted).

Shortly after the parties in this case filed their briefs, this court decided the case of *Johnson v. United States,* 686 A.2d 200 (D.C. 1996). We held in *Johnson* that in order to be convicted of PWID while "armed with" a pistol, a defendant must have been in "actual physical possession" of the pistol while possessing the drugs with intent to distribute, not merely in close proximity to it. *Id.* at 205. Because Johnson's mandatory minimum sentence under D.C.Code § 22–3202(a)(1), like that of Brown in this case, depended on his being "armed with" a pistol, we reversed the mandatory minimum portion of Johnson's sentence and remanded the case for resentencing on that count. *Id.* at 207.

■ In light of *Johnson,* the government concedes that Brown, while standing on the sidewalk in front of his house, was not "armed with" the gun that was found in the upstairs bedroom, even though he constructively possessed all of the contraband in that bedroom, including the gun. Thus we hold (1) that the evidence was insufficient to prove that portion of count C which charged Brown with the crime of PWID "while armed with a firearm," and (2) that the mandatory minimum sentence on count C must therefore be set aside. This holding does not affect the separate mandatory minimum sentence on count D, however, since the crime charged in that count, PFCV, requires only proof that Brown "possessed" the gun in the bedroom, not proof that he was "armed" with it. Since possession can be either actual or constructive, the government need not prove that a defendant was found "in immediate company with the gun," *Johnson,* 686 A.2d at 205, in order to convict that defendant of PFCV. Thus *Johnson* has no bearing on the PFCV conviction (count D) or on the mandatory minimum sentence under that count.

■ Brown was convicted of possessing the cocaine in Smith's knapsack with intent to distribute it (count B) and of possessing the cocaine in the bedroom with intent to distribute it (count C). Although the government rightly contends that the evidence was sufficient to prove both of these charges, it concedes, in a footnote in its brief, that the two convictions should merge, since the simultaneous possession of two separate quantities of the same controlled substance constitutes only one criminal act. *See Briscoe v. United States,* 528 A.2d 1243, 1245–1246 (D.C.1987).

Accordingly, appellant's conviction on count B of the indictment is vacated because it merges with the conviction on count C. On count C the conviction is affirmed in part on the merits; *i.e.,* the conviction of PWID, but not PWID while armed, is affirmed. The sentence on that count is vacated, and the case is remanded for resentencing on count C without the imposition of a mandatory minimum sentence. In all other respects the judgment of conviction is affirmed.

*Affirmed in part, vacated in part, and remanded.*